KENNETH W. SCHULTZ, Ex'r of the Estate of Patricia Smetana, Deceased, Plaintiff-Appellant, v. ILLINOIS FARMERS INSURANCE COMPANY, Defendant-Appellee (Kathleen O'Conner, Plaintiff).—ILLINOIS FARMERS INSURANCE COMPANY, Plaintiff-Appellant, v. BARBARA WEGLARZ et al., Defendants-Appellees.

First District (4th Division)   Nos. 1—08—0458, 1—08—0583 cons.

Opinion filed January 8, 2009.

Taylor Miller LLC, of Chicago (Frank Stevens and John R. Adams, of counsel), for appellant.

Lewis Brisbois Bisgaard & Smith LLP, of Chicago (Danny L. Worker and Lisa M. Taylor, of counsel), for Illinois Farmers Insurance Company.

Mitchell & Allen, of Chicago (Michael B. Yovanovich, of counsel), for appellees.

JUSTICE GALLAGHER delivered the opinion of the court:

This consolidated appeal involves the definition of an "insured" for purposes of both uninsured (UM) and underinsured (UIM) motorist coverage in automobile insurance policies issued by Illinois Farmers Insurance Company (Farmers). Kenneth W. Schultz, executor of the estate of Patricia Smetana, appeals the trial court's grant of summary judgment in favor of Farmers, upholding Farmers' use of different definitions of an insured under the UM and UIM sections of its

policy. In an unrelated case, Farmers appeals the trial court's grant of summary judgment in favor of Barbara Weglarz, finding an ambiguity in the policy language relating to the definition of an insured in the UIM section of Farmers' policy. For the reasons that follow, we reverse the trial court's grant of summary judgment in No. 1—08—0458, the Schultz action, and affirm the trial court's grant of summary judgment in No. 1—08—0583, the Weglarz action.

# I. BACKGROUND

## A. *Schultz v. Farmers*

Patricia Smetana was a passenger in an automobile that was being driven by Kathleen O'Conner. The automobile was owned by Herbert and Alvina Hummelberg. The vehicle was struck by another vehicle being driven by Alexandria Fotopoulos. Smetana later died of her injuries. Schultz was appointed independent administrator of Smetana's estate by the circuit court of Cook County.

Both vehicles were insured by Farmers. The Fotopoulos policy had liability limits of $100,000 per person and $300,000 per accident. Farmers settled with both the O'Conner and Smetana estates for $100,000 each. The Hummelberg policy had bodily injury liability, UM, and UIM limits of $250,000 per person and $500,000 per accident. Farmers recognized the claim submitted by O'Conner's estate for UIM coverage, but denied the claim submitted by Smetana's estate on the grounds that Smetana did not fit the definition of an insured for purposes of UIM coverage.

Farmers' policy defined "insured person" to include an occupant of the vehicle for purposes of UM coverage, but restricted the definition in the UIM endorsement to the policyholder or a family member. The Smetana estate filed a declaratory judgment suit and Farmers filed a counterclaim for declaratory judgment. Both parties moved for summary judgment. The trial court held that the more restrictive definition for UIM coverage in the policy did not violate public policy or the Illinois Insurance Code (215 ILCS 5/143a (West 2004)) and awarded summary judgment to Farmers.

## B. *Farmers v. Weglarz*

Barbara Weglarz was a passenger in an automobile that was owned by her son, Krzysztof Majchrowicz, and was being driven by Jolanta Majchrowicz. The vehicle was struck by an underinsured motorist, Galyna Kovalyz, and Weglarz was injured. The Kovalyz vehicle was insured by Allstate Insurance Company and provided UIM coverage in the amount of $25,000. The Majchrowicz vehicle was insured by Farmers and provided $50,000/$100,000 in UM/UIM coverage.

Weglarz filed a claim for UIM coverage with Farmers. The claim was denied on the grounds that Weglarz was not an insured as defined by the UIM endorsement to the policy. As in the Hummelberg policy discussed above, the definition of an insured included occupants for purposes of UM coverage but restricted UIM coverage to the policyholder or a family member. Although Weglarz is the mother of Krzysztof Majchrowicz, the policy further defined "family member" as a resident of the household. Since Weglarz did not reside with Majchrowicz, she did not qualify as a family member under the policy.

Farmers filed a declaratory complaint asking the court to find that it had no duty to provide UIM coverage to Weglarz. The parties filed cross-motions for summary judgment. Weglarz argued that the language in the policy was ambiguous. In the UIM endorsement, the first paragraph states that all of the terms and conditions of UM coverage apply to UIM coverage. However, the final paragraph states that the UIM endorsement supersedes and controls anything to the contrary in the policy. Weglarz argued that it was not clear from this language whether the definition of an insured from the UM section was controlling or was superseded by the definition in the UIM endorsement. Weglarz also argued that the UIM endorsement violated public policy. The trial court found that the language in the policy was ambiguous and, resolving the ambiguity in favor of the insured, found that the UM definition of an insured was controlling. Weglarz's motion for summary judgment was granted and Farmers' cross-motion for summary judgment was denied.

## II. ANALYSIS

Summary judgment is proper when the pleadings, depositions, and affidavits demonstrate that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2—1005(c) (West 2004); *State Farm Mutual Automobile Insurance Co. v. Coe*, 367 Ill. App. 3d 604, 607, 855 N.E.2d 173, 176 (2006). "Construction of the terms of an insurance policy and satisfaction of statutory requirements are questions of law properly decided on a motion for summary judgment." *Librizzi v. State Farm Fire & Casualty Co.*, 236 Ill. App. 3d 582, 587, 603 N.E.2d 821, 824 (1992). We review *de novo* an order granting summary judgment. *Jones v. Country Mutual Insurance Co.*, 371 Ill. App. 3d 1096, 1098, 864 N.E.2d 793, 795 (2007). We also review *de novo* the question of the proper interpretation of statutory provisions. *Lee v. John Deere Insurance Co.*, 208 Ill. 2d 38, 43, 802 N.E.2d 774, 777 (2003).

Section 143a of the Illinois Insurance Code (215 ILCS 5/143a (West 2004)) mandates uninsured motorist coverage in an amount

equal to the $20,000/$40,000 liability limits for bodily injury or death required by section 7—203 of the Illinois Vehicle Code (625 ILCS 5/7—203 (West 2004)). Subsection (4) of section 143a—2 defines underinsured motorist coverage and provides that no policy of insurance may be issued unless underinsured insurance is included in an amount equal to the uninsured motorist coverage where the latter exceeds the minimum limits required by section 7—203 of the Illinois Vehicle Code. 215 ILCS 5/143a—2(4) (West 2004).

The Illinois Supreme Court has construed subsection (4) of section 143a—2 to provide that UIM coverage is mandatorily set at the amount of UM coverage that is selected and has acknowledged that the two coverages are inextricably linked in the statute. *Lee*, 208 Ill. 2d at 44-45, 802 N.E.2d at 778. Farmers argues that the statutory provision applies only to insurance limits and not to the definition of who qualifies as an insured for coverage, relying on this court's decision in *Cohs v. Western States Insurance Co.*, 329 Ill. App. 3d 930, 769 N.E.2d 1038 (2002). We find this reliance to be misplaced.

In *Cohs*, this court held that the use of the term "occupying" in defining who qualifies as an insured for purposes of UIM coverage was not unduly restrictive even though the definition of an insured for purposes of liability coverage was broader. *Cohs*, 329 Ill. App. 3d at 936-37, 769 N.E.2d at 1044-45. The UIM section defined an "insured" as " '[a]nyone else "occupying" a covered "auto" or a temporary substitute for a covered "auto." ' " *Cohs*, 329 Ill. App. 3d at 932, 769 N.E.2d at 1041. The plaintiff in *Cohs* contended that because section 143a—2(1) requires liability and UIM coverage amounts to be equal, the definition of an insured for purposes of UIM coverage should not be more restrictive than the definition for liability coverage, and argued that coverage should be extended to anyone "using" the covered auto. *Cohs*, 329 Ill. App. 3d at 936-37, 769 N.E.2d at 1044-45.

In support of its holding in *Cohs* that the word "occupying" was not unduly restrictive, this court relied on *Heritage Insurance Co. of America v. Phelan*, 59 Ill. 2d 389, 321 N.E.2d 257 (1974). In *Phelan*, the supreme court stated that the UM statute did not restrict "the right of the parties to an insurance contract to agree on which persons are to be the 'insureds' under an automobile insurance policy." *Phelan*, 59 Ill. 2d at 395, 321 N.E.2d at 260. Citing only this portion of the *Phelan* decision, this court reasoned in *Cohs* that it could not, therefore, find the word "occupying" to be unduly restrictive for purposes of UM coverage.

However, in the sentence immediately preceding the language cited in *Cohs*, the supreme court said that the legislative intent behind the UM statute "was to provide extensive uninsured-motorist protection for those who are 'insureds' under an automobile liability policy."

*Phelan,* 59 Ill. 2d at 395, 321 N.E.2d at 260. The supreme court went on to say that "it is only after the parties designate the 'insureds' that the statute and case law become applicable and prohibit an insurance company from either directly or indirectly denying uninsured-motorist coverage to an 'insured.' " *Phelan,* 59 Ill. 2d at 395, 321 N.E.2d at 260. We read *Phelan* as holding that section 143a does not restrict the parties to an insurance contract from determining initially who will be insured under the policy, but once that determination has been made, section 143a mandates that UM coverage be extended to anyone who is an insured for purposes of liability coverage. The plaintiff in *Phelan* was excluded by name from the insurance policy in question. He therefore did not receive liability coverage under the policy, so section 143a did not mandate that he receive UM coverage under that policy. Although *Phelan* was decided in 1974 and UIM coverage was not mandated until 1983, the same reasoning applies to the instant case based on the linkage between UM and UIM coverage. Because the parties here have already designated who is to be an "insured" under the automobile liability policy, we must now determine whether section 143a—2(4) prohibits Farmers from denying UIM coverage, independent of the *Cohs* decision.

Schultz argues that allowing a more restrictive definition for purposes of UIM coverage is a violation of public policy and that section 143a—2(4) should be construed as requiring that any person who is insured for purposes of UM coverage also be insured for UIM coverage. Farmers responds that section 143a—2(4) applies to the same limits, not the same insureds, and therefore a more restrictive definition for UIM coverage does not violate public policy. Farmers further contends that Schultz's argument applies only to the policyholder, not ancillary insureds. We agree with Schultz.

■ Where insurance coverage is mandated by law, a provision in an insurance policy that conflicts with that law will be deemed void and the statute will continue to control. *Progressive Universal Insurance Co. of Illinois v. Liberty Mutual Fire Insurance Co.,* 215 Ill. 2d 121, 129, 828 N.E.2d 1175, 1180 (2005). We will apply the terms of an insurance policy as written unless such application contravenes public policy. *State Farm Mutual Automobile Insurance Co. v. Villicana,* 181 Ill. 2d 436, 442, 692 N.E.2d 1196, 1199 (1998). The underlying purpose of a statute cannot be circumvented by inserting a contrary or restricting provision in an insurance policy. *Cummins v. Country Mutual Insurance Co.,* 178 Ill. 2d 474, 483, 687 N.E.2d 1021, 1025-26 (1997). "Whether an agreement is contrary to public policy depends on the particular facts and circumstances of the case." *Progressive,* 215 Ill. 2d at 130, 828 N.E.2d at 1180.

■ The Illinois Supreme Court has determined that the legislature

enacted section 143a—2(4) with the same underlying purpose as the UM statute, namely, to place the insured in the same position he would have occupied if the tortfeasor had carried adequate insurance. *Sulser v. Country Mutual Insurance Co.*, 147 Ill. 2d 548, 555, 591 N.E.2d 427, 429 (1992). "Uninsured and underinsured motorist policies provide virtually the same coverage to the insured." *Sulser*, 147 Ill. 2d at 556, 591 N.E.2d at 430.

As noted above, the supreme court held in *Phelan* that once the parties have determined who is to be an insured in an automotive liability policy, section 143a prohibits an insurance company from either directly or indirectly denying UM coverage to an insured. *Phelan*, 59 Ill. 2d at 395, 321 N.E.2d at 260. Because section 143a—2(4) mandates that UM and UIM coverage amounts be equal if the UM coverage amount exceeds the minimum amount required by statute, the same reasoning can be extended to UIM coverage. Once the parties have determined who is to be an insured for purposes of UM coverage, section 143a—2(4) prohibits an insurance company from either directly or indirectly denying UIM coverage to an insured.

This conclusion is supported by the cardinal rule of statutory interpretation, which is to ascertain and give effect to the true intent and meaning of the legislature. *Country Mutual Insurance Co. v. Teachers Insurance Co.*, 195 Ill. 2d 322, 330, 746 N.E.2d 725, 729 (2001). In making this determination, we must presume that when the legislature enacted a law, it did not intend to produce absurd, inconvenient or unjust results. *Progressive Universal Insurance Co. of Illinois v. Liberty Mutual Fire Insurance Co.*, 215 Ill. 2d 121, 134, 828 N.E.2d 1175, 1183 (2005). Such a result, however, would be an inevitable consequence of the interpretation of section 143a—2(4) urged by Farmers in this case.

The UM section of the Farmers policy defines an "insured" to include "any other person while occupying the car described in the Declarations, an additional car, a replacement car, or a substitute car." The UM endorsement further states that "no person *** shall be considered an insured person if the person uses a vehicle without having sufficient reason to believe that the use is with permission of the owner." There is no indication in the record that either O'Conner or Smetana was using the vehicle without permission from the Hummelbergs and no indication that any other provision operated to exclude Smetana from coverage.

■ Section 143a—2(4) does not contain any language restricting mandated UIM coverage to policyholders. Indeed, both the UM and UIM provisions contemplate that consumers will select liability, UM and UIM coverage in amounts they deem adequate for their own protection, as well as for the protection of their additional insureds.

*Villicana*, 181 Ill. 2d at 444-45, 692 N.E.2d at 1200. This includes those using an insured vehicle with the express or implied permission of the policyholder. Section 7—317(b)(2) of the Illinois Vehicle Code mandates that a motor vehicle liability policy cover the named insured and any other person using the vehicle with the named insured's permission. 625 ILCS 5/7—317(b)(2) (West 2004); *State Farm Mutual Automobile Insurance Co. v. Smith*, 197 Ill. 2d 369, 374, 757 N.E.2d 881, 884 (2001). Consumers therefore expect that when selecting coverage amounts, they are protecting themselves as well as those who will use an insured vehicle with their permission, absent any express exclusions in the policy.

We note that Farmers approved the claim filed by O'Conner's estate for UIM coverage. Although the O'Conner claim is not part of this appeal, the record discloses that Farmers' decision to approve the claim was based on the fact that O'Conner was the operator of the vehicle. However, according to Farmers' policy definition, an insured only includes the policyholder and family members for purposes of UIM coverage. Farmers' approval of the O'Conner estate's claim contradicts the terms of its own policy and its arguments before this court.

If Smetana had been hit by a driver who was uninsured, she would have been entitled to the full $250,000 individual limit of the Hummelbergs' uninsured motorist endorsement. The construction urged by Farmers would therefore put Smetana in precisely the position the legislature was trying to avoid in enacting section 143a—2(4). Since Smetana qualified as an insured for purposes of UM coverage, section 143a—2(4) requires that she receive an equal amount of UIM coverage. Therefore, we hold section 143a—2(4) requires that the UM and UIM provisions are to be interpreted coextensively regarding the definition of an insured.

Because we have determined that the use of different definitions for who qualifies as an insured in Farmers' insurance policy for UM and UIM coverage contravenes the legislative intent of section 143a—2(4), we do not need to address the issue of whether the language in the UIM endorsement is ambiguous.

## III. CONCLUSION

For the foregoing reasons, we affirm the trial court's grant of summary judgment in *Weglarz* and reverse the trial court's grant of summary judgment in *Schultz*.

No. 1—08—0583, Affirmed.
No. 1—08—0458, Reversed.

O'BRIEN, P.J., and NEVILLE, J., concur.