Docket No. 108038.

IN THE
SUPREME COURT
OF
THE STATE OF ILLINOIS

KENNETH W. SCHULTZ, Appellee, v. ILLINOIS FARMERS INSURANCE COMPANY, Appellant.–ILLINOIS FARMERS INSURANCE COMPANY, Appellant, v. BARBARA WEGLARZ
e                                                                          t

al., Appellees.

*Opinion filed March 18, 2010.*

JUSTICE KARMEIER delivered the judgment of the court, with opinion.

Chief Justice Fitzgerald and Justices Freeman, Thomas, Kilbride, Garman, and Burke concurred in the judgment and opinion.

**OPINION**

Before us in this appeal are two actions for declaratory judgment presenting a single issue: does Illinois law permit insurers to issue motor vehicle liability policies in which occupants of a covered vehicle are afforded uninsured motorist (UM) coverage but excluded from underinsured (UIM) coverage? Both actions involved motor vehicle liability policies containing provisions which purported to eliminate UIM coverage for occupants by defining "insureds" more narrowly under the policies' UIM provisions than they did for purposes of liability and UM coverage. In the first case, Schultz v.

Illinois Farmers Insurance Co., the circuit court of Cook County upheld the exclusion of occupants from UIM coverage and granted summary judgment in favor of the insurance company. In the second case, Illinois Farmers Insurance Co. v. Weglarz, the court found that the attempt to exclude occupants from UIM coverage was rendered ineffective by ambiguity in the policy. On appeal, the appellate court held that the policy provisions excluding occupants from UIM coverage contravene section 143a–2 of the Illinois Insurance Code (215 ILCS 5/143a–2 (West 2002)) and are therefore void and unenforceable. Based on this conclusion, it reversed the judgment in favor of the insurance company in the Schultz case and affirmed the judgment in favor of the insured in the Weglarz case. 387 Ill. App. 3d 622. We granted the insurance company's petition for leave to appeal. 210 Ill. 2d R. 315. For the reasons that follow, we now affirm the appellate court's judgment and remand to the circuit court for further proceedings.

BACKGROUND

The Schultz litigation arose from an automobile accident which occurred in August of 2005. In the accident, a vehicle driven by Kathleen O'Conner and owned by Herbert and Alvina Hummelberg was struck by a vehicle driven by Alexandria Fotopoulos. Patricia Smetana was a passenger in O'Conner's car. Neither she nor O'Conner was related to the Hummelbergs. Both were injured. Smetana ultimately died of her injuries. Following Smetana's death, the circuit court appointed Kenneth Schultz independent administrator of her estate.

At the time of the accident, Fotopolous' vehicle was covered by a motor vehicle liability policy issued by Illinois Farmers Insurance Company (Farmers) and governed by the laws of Illinois. The policy contained liability limits of $100,000 per person and $300,000 per accident. Farmers settled with both O'Conner and Smetana's estate for the policy limits.

The Hummelbergs' vehicle was also insured by Farmers, but had higher coverage limits of $250,000 per person and $500,000 per

accident for bodily injury, UM coverage, and UIM coverage.[1] O'Conner and Smetana's estate each filed claims against Farmers requesting additional compensation under the policy's UIM provisions. Those claims were denied based on policy language pertaining to UIM coverage. For purposes of UM coverage, the policy defined an "insured person" as the person to whom the policy was issued, a family member, or "[a]ny other person while occupying the car described in the policy." With respect to UIM coverage, however, the definition of "insured person" omitted occupants of the car. The policy purported to limit UIM coverage to the person to whom the policy was issued or a family member.[2] Because O'Connor and Smetana were not among the persons to whom the Hummelbergs' policy had been issued and were not members of the family of any such person, they could not meet the UIM provision's more restrictive definition. For this reason, their claims were denied.

Believing the policy's disparate definitions of "insured persons" failed to meet the requirements of Illinois law, Schultz, as administrator of Smetana's estate, and O'Conner brought an action in the circuit court of Cook County pursuant to section 2–701 of the

---

[1]Both the Hummelbergs' policy and the Farmers policy involved in the Weglarz litigation contained "step-down" provisions which reduced liability coverage for permissive users of covered vehicles to the minimums required by Illinois law. Although we previously held that such step-down provisions did not offend the public policy of this state (*State Farm Mutual Automobile Insurance Co. v. Illinois Farmers Insurance Co.*, 226 Ill. 2d 395 (2007), legislation which took effect January 1, 2008, now requires that all policies for private passenger automobiles provide "the same limits of bodily injury liability, property damage liability, uninsured and underinsured motorist bodily injury, and medical payments coverage to all persons insured under that policy, whether or not an insured person is a named insured or permissive user under the policy." 215 ILCS 5/143.13a (West 2008).

[2]Though not relevant here, the UM and UIM provisions also both covered any other person "for damages that person is entitled to recover because of bodily injury" to individuals who qualified as "insureds" under the respective provisions. That is also true of the policy in the Weglarz case.

Code of Civil Procedure (735 ILCS 5/2–701 (West 2002)) to obtain a declaration that the UIM provision's more restrictive definition violated Illinois law and was unenforceable and that the $250,000 in UIM coverage should therefore be available to them under the policy. Farmers filed a counterclaim, asking that the policy provisions be upheld.

Smetana's estate and O'Conner moved for summary judgment (735 ILCS 5/2–1005 (West 2002)) on their claim. Farmers, in turn, moved for summary judgment on its counterclaim. Before the court ruled on those motions, Farmers voluntarily agreed to recognize the UIM claim submitted by O'Conner, leaving only the claim submitted by Smetana's estate in dispute. Following a hearing, the circuit court granted summary judgment in favor of Farmers and against Smetana's estate. In the court's view, omission of a vehicle's occupants from the definition of "insured" for purposes of UIM coverage did not violate Illinois law and precluded the estate from recovering under the UIM provisions of the Hummelbergs' policy.

With respect to the Weglarz case, the record shows that in January of 2005, Barbara Weglarz was riding in a sport utility vehicle owned by Krysztof and Jolanta Majchrowicz and driven by Jolanta. The vehicle, which was insured by Farmers, was struck by a car driven by Galyna Kovalyz. Kovalyz's car was insured by Allstate pursuant to a policy that carried a bodily injury liability limit of $25,000 per person.

Weglarz suffered serious injuries as a result of the collision, and Allstate tendered Kovalyz's policy's full $25,000 policy limits to her. Believing this sum was insufficient to full compensate her for her injuries, Weglarz made a claim to Farmers under the UIM provisions of the policy it had issued on the Majchrowicz's vehicle. That policy provided UIM coverage in the amount of $50,000 per person and $100,000 per occurrence, the same limits specified in the policy for liability and UM coverage.

As with the Farmers insurance policy at issue in the Schultz litigation, the definition of an "insured" in the UM provisions of the policy relevant to Weglarz's claim included occupants of the vehicle. With respect to the UIM provisions, however, occupants were omitted. The UIM provisions limited "insureds" to the person to whom the policy was issued or a member of that person's family.

-4-

There is no dispute that Weglarz did not fall within this definition. While she was Jolanta's mother, the policy limited covered family members to those persons related to the policy holders by blood, marriage or adoption who also resided in the policyholder's household. Weglarz did not live with the Majchrowiszes.

Because Weglarz did not qualify as an "insured" as defined by the UIM provisions of the Majchrowiczes' policy, it denied her claim for underinsured motorist coverage. It then brought an action in the circuit court of Cook County to obtain a judicial declaration that, under the terms of the policy it had issued to the Majchrowiczes, it had no duty to provide UIM coverage to Weglarz.

Weglarz and the Majchrowiczes filed an answer to Farmers' complaint in which they asserted that the language in the body of the policy and policy endorsements rendered the document ambiguous, that the ambiguity should be resolved against Farmers, and that under the policy as so construed, Weglarz qualifies as an insured under the policy's UIM provisions. Weglarz and the Majchrowiczes argued, in the alternative, that if Farmers' construction is accepted and a vehicle's occupants are excluded from the definition of who constitutes an insured under the UIM provisions, the denial of coverage to Weglarz would nevertheless be improper because (1) the exclusion would violate the Illinois Insurance Code and Illinois public policy and (2) Farmers implemented the exclusion without first obtaining authorization from the Department of Insurance.

Following various developments not pertinent to this appeal, the parties subsequently filed cross-motions for summary judgment. The circuit court granted summary judgment in favor of Weglarz and the Majchrowiczes and against Farmers. It based its decision on the claim of ambiguity in the policy's language. The court did not reach the question of whether Farmers' attempt to limit the scope of its UIM coverage violated state law or offended public policy concerns, nor did it address the issue of whether the challenged provisions were fatally defective because they had not been approved in advance by the Department of Insurance.

Farmers appealed the circuit court's judgment. In the Schultz litigation, where Farmers had prevailed, an appeal was taken by Smetana's estate. The appeals were consolidated by the appellate court. The appellate court reversed the judgment in favor of Farmers

in the Schultz litigation and affirmed the judgment against Farmers in the case brought by Weglarz and the Majchorwiczes. The basis for the court's ruling was the same with respect to both cases. It believed that exclusion of a vehicle's occupants from the definition of an insured in the UIM provisions of the policies issued by Farmers violated the requirements of Illinois law and was therefore void and unenforceable. Because this holding was dispositive in both cases, the court did not reach the questions of whether the policy involved in the Weglarz litigation was ambiguous or whether its restrictive UIM provisions were invalid because they had not been submitted to the Department of Insurance for approval. 387 Ill. App. 3d at 628-29.

## ANALYSIS

Both of the consolidated cases before us were decided in the context of motions for summary judgment. Such motions are governed by section 2–1005 of the Code of Civil Procedure (735 ILCS 5/2–1005 (West 2008)). Pursuant to that statute, summary judgment should be granted only where the pleadings, depositions, admissions and affidavits on file, when viewed in the light most favorable to the nonmoving party, show that there is no genuine issue as to any material fact and that the moving party is clearly entitled to judgment as a matter of law. 735 ILCS 5/2–1005(c) (2008). Construction of the terms of an insurance policy and whether the policy comports with statutory requirements are questions of law properly decided on a motion for summary judgment. See *Librizzi v. State Farm Fire & Casualty Co.*, 236 Ill. App. 3d 582, 587 (1992). Where an order granting summary judgment is before us on appeal, our review is *de novo*. *Adams v. Northern Illinois Gas Co.*, 211 Ill. 2d 32, 42-43 (2004).

In undertaking our review, we begin with the familiar principle that a court's primary objective in construing an insurance contract is to ascertain and give effect to the intention of the parties as expressed in the agreement. If insurance policy terms are clear and unambiguous, they must be enforced as written unless doing so would violate public policy. *Nicor, Inc. v. Associated Electric & Gas Insurance Services, Ltd., 223 Ill. 2d 407, 416-17 (2006)*. The public policy of this state is reflected in its constitution, statutes, and judicial decisions. Terms of an insurance policy that conflict with a statute are

void and unenforceable. Similarly, terms of an insurance policy cannot circumvent the underlying purpose of a statute in force at the time of the policy's issuance. *State Farm Mutual Automobile Insurance Co. v. Illinois Farmers Insurance Co.*, 226 Ill. 2d at 400-01.

As we have indicated, the appellate court concluded that Farmers' attempt to exclude occupants of insured vehicles from UIM coverage under the policies at issue in this case cannot be squared with governing Illinois law and is therefore unenforceable. A similar result was recently reached on analogous facts by a different panel of the appellate court from a different district. See *Desaga v. West Bend Mutual Insurance Co.*, 391 Ill. App. 3d 1062 (2009). To our knowledge, no reported decision in Illinois has upheld the validity of the type of exclusion from UIM coverage challenged in this case. We find this unsurprising, for the exclusion plainly violates Illinois law.

With certain exceptions not relevant here, all motor vehicles operated or registered in this State and designed for use on a public highway must be covered by a liability insurance policy. 625 ILCS 5/7–601(a) (West 2004)). By statute, the policy is required to provide certain minimum liability amounts. 625 ILCS 5/7–203, 7–317(b)(3) (West 2004). It must also meet specific coverage requirements. Among these are that the policy insure not only the persons named in the policy, but also "any other person using or responsible for the use" of the subject vehicle with the express or implied permission of the insured. 625 ILCS 5/7–317(b)(2) (West 2004); *State Farm Mutual Automobile Insurance Co. v. Illinois Farmers Insurance Co.*, 226 Ill. 2d at 402; *Progressive Universal Insurance Co. of Illinois v. Liberty Mutual Fire Insurance Co.*, 215 Ill. 2d 121, 137 (2005).

In interpreting the foregoing statutory provision, which treats permissive users the same as named insureds for purposes of liability coverage, it is important to note the language chosen by the legislature. The law does not refer to permissive drivers. It speaks in terms of permissive users. The statute itself does not define the term user. We must therefore must give it its plain and ordinary meaning. *Granite City Division of National Steel Co. v. Illinois Pollution Control Board*, 155 Ill. 2d 149, 181 (1993). A user, in the generic sense, is simply one who makes use of a thing. "Use," in turn, is synonymous with "EMPLOY, UTILIZE, APPLY, [and] AVAIL[. It]

is general and indicates any putting to service of a thing ***." Webster's Third International Dictionary 2524 (1976).

Consistent with this definition, the use of an automobile has been held to denote its employment for some purpose of the user. As the New Jersey Supreme Court has explained, " ' "operation" denotes the manipulation of the car's controls in order to propel it as a vehicle[, but 'use'] is *** broader than operation.' [Citation.]" (Emphasis omitted.) *Jaquez v. National Continental Insurance Co.*, 178 N.J. 88, 96, 835 A.2d 309, 314 (2003). One uses an automobile whenever such use "is rationally connected to the vehicle for the purpose of providing transportation or satisfying some other related need of the user." *Jaquez v. National Continental Insurance Co.*, 178 N.J. at 96, 835 A.2d at 315.

Courts in other jurisdictions have followed this reasoning and concluded that for purposes of motor vehicle insurance policies, "use" is not limited to operating or driving a motor vehicle. It also includes riding in one as a passenger. See 7 Am Jur 2d *Automobile Insurance* §93 (1997) ("[a] passenger in an automobile is 'using' the automobile, where the passenger has authorization for the use of the automobile and it is being driven by another person with his or her permission"); *Marchand v. Safeco Insurance Co. of America*, 2 S.W.3d 826, 828-29 (Mo. App. 1999); *Nationwide Mutual Insurance Co. v. Cummings*, 438 Pa. Super. 586, 600, 652 A.2d 1338, 1345 (1994); *State Farm Mutual Automobile Insurance Co. v. Francis*, 669 S.W.2d 424, 427 (Tex. App. 1984) (collecting cases); see also *Unisun Insurance Co. v. Schmidt*, 339 S.C. 362, 366, 529 S.E.2d 280, 282 (2000).[3] No principle of statutory construction supports a more

---

[3]Some courts have concluded that one can be "using" a motor vehicle even when one is not occupying it as either a driver or passenger at the time the injury is sustained. See, *e.g.*, *Georgeson v. Fidelity & Guaranty Insurance Co.*, 48 F. Supp. 2d 1262, 1267-68 (D. Mont. 1998) (applying Montana law). It has been held, for example, that one is "using" a vehicle, for purposes of insurance coverage, when loading personal belongings into it or unloading personal belongings from it. See, *e.g.*, *Travelers Insurance Co. v. Aetna Casualty & Surety Co.* 491 S.W.2d 363, 365 (Tenn. 1973). The concept of use does, however, have its limits. For example, one Illinois appellate decision held that an individual who was acting as a spotter and

limited interpretation.[4] We therefore construe Illinois' mandatory liability coverage requirements to extend to permissive passengers as well as permissive drivers. Both must be treated as insureds for purposes of liability coverage.

Illinois law also requires motor vehicle liability policies to include UM coverage. See 625 ILCS 5/7–601(a) (West 2004); 215 ILCS 5/143a (West 2004). If the limits for liability coverage exceed the minimum amounts required by law, as they did in the policies challenged here, the UM provisions must provide the same higher coverage amounts. That is so unless the insured makes a written election to specifically reject UM coverage in excess of the statutory minimums required for liability for bodily injury. 215 ILCS 5/143a–2(1) (West 2004).[5] Moreover, the UM coverage must extend to all who are insured under the policy's liability provisions. If a person constitutes an insured for purposes of liability coverage under a policy, the insurance company may not, either directly or indirectly, deny uninsured-motorist coverage to that person. *Heritage Insurance Co. of America v. Phelan*, 59 Ill. 2d 389, 395 (1974). Farmers does not dispute any of these requirements, and they are, in fact, integrated into the terms of both of the policies which gave rise to this litigation.

---

directing the movement's of the truck's driver at the time the truck struck and killed a pedestrian at a construction site was not, himself, using the truck within the meaning of the insurance policy's provisions. See *Apcon Corp. v. Dana Trucking, Inc.*, 251 Ill. App. 3d 973 (1993). Because none of these circumstances are before us here, we express no view on them.

[4]By way of comparison, an example of statutory language which can be construed to exclude passengers from the definition of "users" is the California Insurance Code, which specifically states that (1) "the term 'use' when applied to a motor vehicle shall only mean operating, maintaining, loading, or unloading a motor vehicle," and that (2) "the term 'operated by' or 'when operating' shall be conclusively presumed to describe the conduct of the person sitting immediately behind the steering controls of the motor vehicle." Cal. Ins. Code §§11580.06(f), (g).

[5]That was not done in either of the cases involved in this appeal, and there is no dispute that, in both cases, the amount of UM coverage is identical to the coverage amount for bodily injury liability.

In addition to providing UM coverage, motor vehicle liability policies in Illinois are also required to provide UIM coverage where, as in the cases before us, the UM coverage exceeds the statutory minimums required for liability for bodily injury. The UIM coverage must be in an amount equal to the total amount of UM coverage provided under the policy. As with UM coverage, UIM coverage must also extend to all those who are insured under the policy's liability provisions. See 215 ILCS 5/143a–2(4) (West 2004). For the reasons explained earlier in this opinion, the category of those insured under a policy's liability provisions must always include permissive users, and permissive users includes permissive passengers as well as permissive drivers.

Under Illinois law, liability, UM and UIM provisions are thus inextricably linked. See *Lee v. John Deere Insurance Co.*, 208 Ill. 2d 38, 44-45 (2003); *Mercury Indemnity Co. of Illinois v. Kim*, 358 Ill. App. 3d 1, 11 (2005). Once a person qualifies as an insured for purposes of the policy's bodily injury liability provisions, he or she must be treated as an insured for UM and UIM purposes as well. Accordingly, just as the governing statutes prohibit an insurance company from directly or indirectly denying uninsured-motorist coverage to someone who qualifies as an insured for purposes of liability coverage (*Heritage Insurance Co. of America v. Phelan*, 59 Ill. 2d at 395), it likewise prohibits companies from directly or indirectly denying underinsured coverage to such a person where, as here, the basic liability coverage exceeds statutory minimums.

Section 143a–2 of the Illinois Insurance Code (215 ILCS 5/143a–2 (West 2002)) does state that, for purposes of the Code, an "underinsured motor vehicle" means a motor vehicle whose ownership, maintenance or use has resulted in bodily injury or death to an insured "as defined in the policy." Contrary to the view taken by Farmers, however, this language does not give insurers the right to define insureds for UIM purposes differently than it does for purposes of liability and UM coverage. Illinois law affords some latitude to the parties to determine who will be insured under the liability provisions of the policy, but as we have indicated, it does not give them the option of excluding permissive users, a category which includes permissive passengers as well as permissive drivers. Moreover, once it has been determined who qualifies as an insured for purposes of

-10-

liability coverage, that determination must be applied consistently for purposes of UM and UIM coverage. See *DeSaga v. West Bend Mutual Insurance Co.*, 391 Ill. App. 3d 1062, 1070 (2009).

Farmers cannot successfully argue that public policy considerations warrant treating UM and UIM coverage differently. That is so for several reasons. First, our court has specifically held that UM and UIM coverage were mandated by the legislature for the same reason, namely, to place an insured in the same position he or she would have occupied had the tortfeasor carried adequate insurance. *Sulser v. Country Mutual Insurance Co.*, 147 Ill. 2d 548, 555 (1992). Because "[u]ninsured and underinsured motorist policies provide virtually the same coverage to the insured" (*Sulser v. Country Mutual Insurance Co.*, 147 Ill. 2d at 556), it would be anomalous to declare insureds ineligible for any UIM benefits under circumstances where they would be entitled to full UM benefits but for the happenstance that the tortfeasor had minimal insurance rather than none at all. Such a result would, in fact, be directly contrary to the legislature's intent when it enacted section 143a–2 of the Illinois Insurance Code. See *Cummins v. Country Mutual Insurance Co.*, 178 Ill. 2d 474, 484 (1997) (through the statute's provisions, " 'the legislature avoided the absurdity of a situation where a policyholder would receive fewer benefits in the fortuitous event of being injured by an underinsured rather than an uninsured motorist' "), quoting *Sulser v. Country Mutual Insurance Co.*, 147 Ill. 2d at 557.

Second, even if we could formulate a valid rationale for treating UM and UIM coverage differently, that would not justify the result urged by Farmers in this case. We must interpret and apply statutes in the manner in which they are written and cannot rewrite them to make them consistent with our own idea of orderliness and public policy. *Roselle Police Pension Board v. Village of Roselle*, 232 Ill. 2d 546, 558 (2009). The language of the UIM statute, section 143a–2(4) of the Illinois Insurance Code (215 ILCS 5/143a–2(4) (West 2004)), makes clear that the legislature intended a policy's UIM coverage to parallel the coverage afforded by UM provisions where, as here, coverage limits exceed statutory minimums. Indeed, our court has specifically cited this statute as exemplifying how the legislature expresses itself when it intends for different types of coverage in excess of the minimum statutory requirements mandated by the

Illinois Safety and Family Responsibility Law to be the same. *State Farm Mutual Automobile Insurance Co. v. Illinois Farmers Insurance Co.*, 226 Ill. 2d at 403.

Farmers argues that the disparity between the UM and UIM provisions in its policies does not run afoul of section 143a–2(4) of the Illinois Insurance Code because that statute applies only to coverage amounts and does not prevent it from limiting the definition of insureds who may avail themselves of coverage. This argument is untenable. Even if the statute were taken as requiring only parity in coverage amounts, that requirement would be violated here, for under Farmers' policies, the coverage amounts for one particular type of insureds, occupants, is clearly not the same. Occupants are eligible to receive substantial UM benefits. Their UIM benefits, by contrast, are zero.

We note, moreover, that if Farmers' argument were accepted, it would mean that the UIM provisions of a policy would pass statutory muster so long as the dollar amount of coverage specified in those provisions was the same as that specified in the policy's UM provisions, even if the UIM provisions were drafted in such a way that no one could ever qualify to receive UIM benefits. Such a construction would render our statutory UIM requirements meaningless.

Farmers' argument must also be rejected because it overlooks the more fundamental problem that it would require us to ignore the clear statutory requirements imposed by the General Assembly. As we have discussed, Illinois law requires that UIM coverage must be offered to all insureds where, as here, the UM coverage exceeds the minimum amounts required for bodily injury liability. Under Illinois law all motor vehicle liability policies, insureds must include permissive users of covered vehicles (625 ILCS 5/7–317(b)(2), (b)(3) (West 2004)), and "users" include passengers as well as drivers. Smetana and Weglarz were clearly using the insured vehicles with permission at the time they were injured. As a result, they qualified for UIM coverage as a matter of law.

In the course of its argument, Farmers seems to accept that the law bars it from excluding permissive users from UIM coverage. In its view, however, permissive users are limited to drivers. Passengers are not included. That, apparently, is why it ultimately recognized

O'Conner's UIM claim in the Schultz litigation. In response to this argument, we simply note again that such a distinction cannot be squared with the plain and ordinary meaning of the relevant statutory language. To accept Farmers' position would require us to adopt an interpretation of the word "user" which has been consistently rejected by courts in other jurisdictions. It would also necessitate that we read into the governing statutes a distinction which the legislature itself has not made. This we may not do. A court may not add provisions that are not found in a statute, nor may it depart from a statute's plain language by reading into the law exceptions, limitations, or conditions that the legislature did not express. *Madison Two Associates v. Pappas*, 227 Ill. 2d 474, 495 (2008).

Finally, Farmers asserts that requiring it to provide UIM coverage for the injuries sustained by Smetana and Weglarz will impermissibly infringe on its rights of freedom of contract. This claim is without merit. As indicated earlier in this opinion, the terms of an insurance policy must comport with the statutory requirements in effect when the policy is issued. Insurers have no right to depart from valid statutory requirements. Farmers' policies must therefore adhere to the statutory provisions discussed in this opinion. The UIM provisions at issue here fail to do so.

## CONCLUSION

For the foregoing reasons, the appellate court correctly concluded that the portions of the Farmers insurance policies which purported to exclude occupants of covered motor vehicles from UIM coverage violate Illinois law and are unenforceable. The judgment of the appellate court is therefore affirmed.

*Affirmed*.