# Illinois Official Reports

## Appellate Court

***Kim v. State Farm Mutual Automobile Insurance Co.*,**
**2014 IL App (1st) 131235**

| | |
|---|---|
| Appellate Court Caption | MICHAEL KIM, Independent Administrator of the Estate of David Kim, Deceased, Plaintiff-Appellee, v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and TERRA ENGINEERING, LTD., Defendants-Appellants. |
| District & No. | First District, Second Division<br>Docket No. 1-13-1235 |
| Filed | July 15, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In an action arising from the fatal injuries suffered by plaintiff's decedent when he was struck by an oncoming motorist while installing traffic counting devices along a highway with his employer's van parked on the shoulder with a yellow oscillating light activated and wearing a reflective vest and a light on his head, the trial court properly entered summary judgment on plaintiff's claim seeking a declaratory judgment that decedent qualified for the underinsured motorist coverage provided by the automobile policy issued by defendant to decedent's employer. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 11-CH-27109; the Hon. Mary Anne Mason, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Momkus McCluskey, LLC, of Lisle (James P. Marsh, of counsel), for appellants.

Dudley & Lake, LLC, of Chicago (Kevin J. Golden, of counsel), and Law Offices of Lynn D. Dowd, of Naperville (Lynn D. Dowd and Francis J. Leyhane III, of counsel), for appellee.

Panel

PRESIDING JUSTICE HARRIS delivered the judgment of the court, with opinion.
Justices Simon and Pierce concurred in the judgment and opinion.

## OPINION

¶ 1     Defendant State Farm Mutual Automobile Insurance Company (State Farm) appeals the order of the circuit court granting summary judgment in favor of plaintiff, Michael Kim, on plaintiff's claim seeking a declaration that the deceased qualified for underinsured motorist (UIM) coverage under State Farm's policy. On appeal, State Farm contends the trial court erred in granting summary judgment because plaintiff did not qualify for UIM coverage where he was not an "insured" for liability purposes under the policy. For the following reasons, we affirm.

¶ 2                                JURISDICTION

¶ 3     The trial court granted summary judgment on February 5, 2013. State Farm filed a motion to reconsider, which the trial court denied on March 14, 2013. State Farm filed its notice of appeal on April 10, 2013. Accordingly, this court has jurisdiction pursuant to Illinois Supreme Court Rules 301 and 303 governing appeals from final judgments entered below. Ill. S. Ct. R. 301 (eff. Feb. 1, 1994); R. 303 (eff. May 30, 2008).

¶ 4                                BACKGROUND

¶ 5     The decedent, David Kim, worked for Terra Engineering, Ltd. (Terra), installing traffic counting devices. On October 15, 2009, Kim drove his Terra van along Route 116 in Peoria County, Illinois. It was early morning and still dark when Kim parked the van on the south shoulder of the road in the eastbound lane. The van was equipped with a yellow oscillating light, which Kim activated. He proceeded to install the counting devices in both lanes of Route 116, leaving the van parked with the yellow light flashing as he worked. After he finished installing the devices, Kim would drive the van to the next location to install more devices.

¶ 6     In his deposition, Donald Young stated that he was traveling eastbound on Route 116 in the early morning on October 15, 2009. In this area, Route 116 is a rural road with no street-

lights. As he drove, he noticed a yellow light on a vehicle approximately one-half mile away. As he approached the vehicle, he moved into the westbound lane away from the vehicle because he "thought there might be someone there." Young was traveling approximately 55 miles per hour and as he passed the van he hit something. Young went back to see what he had hit, and when he saw Kim, he called 911. Jamil Bou-Saab, the executive vice president of Terra, testified that all employees must wear a reflective vest and a light on his head, and turn on the oscillating yellow light on top of the van while working. Kim was wearing a reflective vest and a light on his head at the time he was struck by Young. However, Young stated that prior to impact he did not see anything in the road.

¶ 7    In his deposition, Lieutenant James Pearson stated that on October 15, 2009, he arrived on the scene to reconstruct the accident for the Peoria County sheriff's office. He observed that Kim had parked the Terra van on the south shoulder of the eastbound lane of Route 116 with the headlights on and the light on top of the van oscillating. He also noted that a traffic collector device had been installed in both lanes of the road. He determined that Kim was struck in the back while he was working in the westbound lane. Red paint from the license plate and the patterned contusions found on the back of Kim's legs indicated that he was struck in the back of his legs. Lieutenant Pearson, however, could not say for certain whether Kim was "facing completely away" from the vehicle when it struck him.

¶ 8    At the time of the accident, Terra had an automobile policy issued by State Farm. The policy paid for liability up to $1 million per person and $1 million per occurrence, and also provided UIM coverage limits of $1 million and underinsured motorist (UM) coverage up to $1 million. For general liability, the policy defined an insured as "any person while using your car *** if its use is within the scope of your consent." Under its UIM coverage, however, State Farm defined an insured with respect to bodily injury as "any person while occupying a vehicle covered under the liability coverage."

¶ 9    After obtaining proceeds from Young's liability policy, plaintiff sought UIM coverage under State Farm's policy issued to Terra. State Farm denied coverage and plaintiff filed a complaint for declaratory judgment. State Farm answered and filed a counterclaim seeking a declaration that Kim was not an insured as defined in the policy. The trial court granted summary judgment in favor of plaintiff, finding that Kim was an insured under the policy because he was using the vehicle with Terra's permission and within the scope of his employment at the time of the accident. It also determined, relying on *Schultz v. Illinois Farmers Insurance Co.*, 237 Ill. 2d 391 (2010), that since Kim was an insured under the liability portion of the policy, he must be considered an insured under the UM and UIM portions of the policy.

¶ 10    State Farm filed a motion to reconsider, which the trial court denied. State Farm then filed this timely appeal.


¶ 11                    ANALYSIS

¶ 12    State Farm appeals the trial court's grant of summary judgment and denial of its motion to reconsider. Summary judgment is appropriate where the pleadings, depositions, admissions and affidavits on file, when viewed in the light most favorable to the nonmoving party, reveal that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Adams v. Northern Illinois Gas Co.*, 211 Ill. 2d 32, 43 (2004). This court reviews a grant of summary judgment, as well as a denial of a motion requesting

the court to reconsider its application of the law to the case, *de novo*. *Kyles v. Maryville Academy*, 359 Ill. App. 3d 423, 433 (2005).

¶ 13    On appeal, State Farm challenges the trial court's determination that Kim qualified for UIM coverage under State Farm's policy. Specifically, State Farm alleges that Kim did not qualify for such coverage because he was not operating or riding in a vehicle at the time of the occurrence. Relevant to this issue is *Schultz v. Illinois Farmers Insurance Co.*, 237 Ill. 2d 391 (2010). In *Schultz*, the decedent was a permissive passenger in the insured's vehicle when it was struck by another vehicle. After settling with the insurance company under the liability provision, the decedent's estate filed for additional compensation under the policy's UIM provision. The policy's UM provision defined an "insured" as the one to whom the policy was issued, a family member, or " '[a]ny other person while occupying the car described in the policy.' " *Id*. at 396. However, the definition for "insured" under the UIM portion of the policy omitted occupants of the vehicle. *Id*.

¶ 14    The plaintiff, administrator of the decedent's estate, brought an action seeking a declaration that the UIM provision's more restrictive definition of "insured" violated Illinois law and was unenforceable. Both the plaintiff and the insurance company filed motions for summary judgment. The trial court granted the insurance company's motion, finding that the more restrictive definition of "insured" for purposes of UIM coverage did not violate Illinois law. *Id*. at 396-97. The appellate court reversed the trial court's judgment and the plaintiff appealed. *Id.* at 399.

¶ 15    In making its determination, the supreme court looked at Illinois's statutory scheme for automobile insurance. 625 ILCS 5/7-601(a) (West 2006). Under the statute, all motor vehicles operated or registered in Illinois must have coverage under a liability insurance policy. *Id*. The policy must also meet specific coverage requirements, including coverage for not only the insured, but also "any other person using or responsible for the use" of the vehicle with permission of the insured. 625 ILCS 5/7-317(b)(2) (West 2006). The court noted that the statute used the term "users," not "drivers," and giving the term its ordinary meaning, a "user" is "simply one who makes use of a thing." *Schultz*, 237 Ill. 2d at 401. The court defined "use" as generally "putting to service of a thing." (Internal quotation marks omitted.) *Id*.

¶ 16    The supreme court further reasoned that other jurisdictions took that definition to mean the employment of an automobile "for some purpose of the user." *Id.* The court noted that in this sense, the term "use" was broader than the term "operation" and includes "riding in one as a passenger." *Id*. at 401-02. Our supreme court agreed with this reasoning and construed Illinois's mandatory liability coverage requirements to include permissive passengers as well as drivers. *Id*. at 403.

¶ 17    Since the issue before it involved the policy's UIM provision, the *Schultz* court also looked at the UM and UIM sections of the statute. It noted that under Illinois law, the liability, UM and UIM provisions are "inextricably linked." *Id*. at 404. The statute requires that UM coverage, if applicable, must extend to all who are insured under the policy's liability provisions. *Id*. Likewise, "UIM coverage must also extend to all those who are insured under the policy's liability provisions." *Id*. "Once a person qualifies as an insured for purposes of the policy's bodily injury liability provisions, he or she must be treated as an insured for UM and UIM purposes as well." *Id*. Therefore, under the statutory scheme an

insurance company cannot define insureds more restrictively for UIM purposes than it does for purposes of liability or UM coverage. *Id.*

¶ 18    Plaintiff filed a claim under the policy's UIM provision. For general liability, the policy defined an insured as "any person while using your car *** if its use is within the scope of your consent." Under its UIM coverage, however, it defined an insured with respect to bodily injury as "any person while occupying a vehicle covered under the liability coverage." As our supreme court determined in *Schultz*, the statute requires that an insured cannot be defined differently for purposes of liability and for UIM purposes. State Farm's attempt to limit an insured for UIM purposes to persons "occupying a vehicle," when no such restriction exists for liability coverage, violates the statute.

¶ 19    However, as State Farm argues in its brief, in order for plaintiff to recover here Kim must qualify as an insured under its policy's liability provisions. In *Schultz* our supreme court defined "use" as generally "putting to service of a thing." (Internal quotation marks omitted.) *Schultz*, 237 Ill. 2d at 401. The supreme court further noted that "to use" could also mean the employment of an automobile "for some purpose of the user." *Id.* Therefore, the *Schultz* court found that the term "use" was broader than the term "operation." *Id*. at 401-02. See also *Menard, Inc. v. Country Preferred Insurance Co.*, 2013 IL App (3d) 120340, ¶¶ 21-22 (relying on the supreme court's "broader definition" of "use" in *Schultz*, the third district held that Menard was an insured under the injured party's automobile policy where its employee was helping the person load bricks into her insured vehicle when the person fell and sustained injuries; since Menard was using the vehicle with permission, under the terms of the policy Menard was an insured).

¶ 20    In the case at bar, Kim drove the Terra vehicle to install traffic counting devices at various locations. He exited the vehicle in order to install the devices and, following Terra's rules, he turned on the oscillating yellow warning light on top of the vehicle. Young stated that he saw the yellow light flashing on top of the van and he moved into the westbound lane away from the van because he "thought there might be someone there." As he drove in the westbound lane, Young struck Kim, who was installing, or had just finished installing, a device. We find that in using the Terra vehicle's oscillating yellow light as a warning to other drivers while he worked, Kim was using the vehicle pursuant to the terms of State Farm's policy and therefore is an insured for liability and UIM purposes.

¶ 21    State Farm disagrees, arguing that Illinois law requires that a causal connection or nexus must exist between the accident and use of the vehicle as transportation for liability coverage to apply. As support, it cites *State Farm Mutual Automobile Insurance Co. v. Pfiel*, 304 Ill. App. 3d 831 (1999), *SCR Medical Transportation Services, Inc. v. Browne*, 335 Ill. App. 3d 585 (2002), and *Apcon Corp. v. Dana Trucking, Inc.*, 251 Ill. App. 3d 973 (1993). However, in *State Farm Mutual* and *SCR*, the vehicles involved merely provided the site where criminal activity occurred and thus the court held that the injuries did not arise out of the operation, maintenance or use of the insured vehicle. *State Farm Mutual*, 304 Ill. App. 3d at 836-37; *SCR*, 335 Ill. App. 3d at 588-89. The facts of these cases are distinguishable from the case at bar. In *Apcon*, the court made its determination based on the conclusion that "use" of a vehicle meant the insured "must be in operation of the vehicle." *Apcon*, 251 Ill. App. 3d at 980. As discussed above, the subsequent supreme court case of *Schultz* disagreed with such a narrow view of the term "use." We are not persuaded by State Farm's arguments and maintain our holding that Kim was using Terra's van within the terms of the policy. See also

*Randall v. Liberty Mutual Insurance Co.*, 496 S.E.2d 54, 56-57 (Va. 1998), and *Tobel v. Travelers Insurance Co.*, 988 P.2d 148, 154 (Ariz. Ct. App. 1999) (although not binding on this court, these cases from other jurisdictions held that vehicles equipped with warning lights signify an intent for their use not only as transportation, but also for safety purposes while employees worked). The trial court properly granted summary judgment in favor of plaintiff.

¶ 22 State Farm also argues that the definition of "insured" under its UIM provision (requiring that the insured occupy the vehicle at the time of the occurrence) is not unduly restrictive and should be enforced. As support, State Farm cites *Cohs v. Western States Insurance Co.*, 329 Ill. App. 3d 930, 937 (2002). The court in *Cohs* did find that the statute "does not place any restriction on the right of the parties to an insurance contract to agree on which persons are to be the 'insureds' under an automobile policy." (Internal quotation marks omitted.) *Id*. However, *Schultz* subsequently held that different definitions of insured for purposes of liability and UM/UIM coverage is a statutory violation. *Schultz*, 237 Ill. 2d at 404. Although parties generally have a right to freedom of contract, and to define terms as they wish within the contract, "the terms of an insurance policy must comport with the statutory requirements in effect when the policy is issued." *Id*. at 408. As indicated above, State Farm's policy failed to do so.

¶ 23 For the foregoing reasons, the judgment of the circuit court is affirmed.

¶ 24 Affirmed.