**The President and Directors of The Manhattan Company et al., Appellees, v. Ernest H. Eversz, Trading as Eversz & Co., Appellant.**

**Gen. No. 17,528.**

1. APPEALS AND ERRORS—*harmless error.* In an action for rent, the admission of a transcript of the record in another action for prior instalments is not reversible error, where the instructions to the jury are such that no harm was done to defendant by its admission.

2. JUDGMENT—*when res adjudicata.* In an action for rent, a former judgment for prior instalments is *res adjudicata* of all

issues except as to payment of the particular instalments sought to be recovered.

3. INSTRUCTIONS—*when proper to direct verdict.* In an action for rent, where the evidence offered by defendant does not tend to prove payment or establish any defense, it is proper to instruct the jury to return a verdict for plaintiff.

Appeal from the Municipal Court of Chicago; the Hon. ISADORE H. HIMES, Judge, presiding. Heard in this court at the March term, 1911. Affirmed. Opinion filed May 26, 1913.

ALDEN, LATHAM & YOUNG, for appellant.

MOSES, ROSENTHAL & KENNEDY, for appellees; HENRY H. KENNEDY and WALTER BACHRACH, of counsel.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

The plaintiffs, here the appellees, brought a suit against the defendant, here the appellant, to recover on a lease three instalments of rent payable on the first day of August and November, 1909, and February 1, 1910, of $450 each. On a trial the court instructed the jury to return a verdict for the plaintiffs, assessing their damages at $1,402.31, and on such verdict so returned entered judgment and the defendant appealed.

In a case between the same parties reported in 171 Ill. App. 449, a judgment in favor of the plaintiffs in an action on the same lease for prior instalments of the rent was affirmed, to which we refer for a more detailed statement of the controversy. A transcript of the record in that case was introduced in evidence on the trial of the case at bar. The defendant urges as error the admission of the said transcript of the record except as to the pleadings and the judgment. Even if it be conceded that the pleadings sufficiently presented the issues and the court erred as claimed, we would not hold it reversible error, for by the action of the court in instructing the jury no harm was done the defendant by admitting the evidence complained

of. It is contended that there were other and different issues presented in the case at bar than in the former case. We have made a careful examination and comparison of the issues in both cases and are unable to see any material difference therein except as to the different instalments of rent, and the former judgment was *res adjudicata* of all of said issues except as to the payment of the particular instalments of rent here sought to be recovered. *Louisville, N. A. & C. R. Co. v. Carson,* 169 Ill. 247, and *Marshall v. Grosse Clothing Co.,* 184 Ill. 421.

The defendant claims that under the issues the plaintiffs were bound to make proof that the instalments of rent in question had not been paid. Whether that position is correct or not is not necessary to decide, because there is competent evidence in the record showing the same were not paid. The incompetent evidence should have been excluded by the court, but under the circumstances is not reversible error. The evidence offered by the defendant did not tend to prove a payment of the said instalments or any of them, or establish any defense to the action, and the court properly instructed the jury.

The judgment is affirmed.

*Affirmed.*