44

ROBERT A. BROWN *et al.*, Plaintiffs-Appellants, v. CHARLESTOWNE GROUP, LTD., d/b/a/ Ram Cabinets and Countertops, Inc., Defendant-Appellee.

Second District   No. 2—91—0204

Opinion filed October 31, 1991.

Bruce A. Brennan, of Kalinich, McCluskey, Sullivan & Boylan, P.C., of Glen Ellyn, for appellants.

Wendell W. Clancy, of Clancy & Krippner, of St. Charles, and Richard R. Solomon, of Richard R. Solomon & Associates, of Aurora, for appellee.

JUSTICE INGLIS delivered the opinion of the court:

Plaintiffs, Robert A. Brown and Jane E. Brown, appeal from an order of the circuit court of Kane County dismissing count I of their complaint for breach of contract. The appeal is pursuant to Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)). On appeal, plaintiffs contend

that the trial court erred in determining that their cause of action was barred by a prior judgment.

According to their complaint, plaintiffs owned a company that manufactured countertops. In September 1987, plaintiffs and defendant, Charlestowne Group, Ltd., entered into an agreement whereby Charlestowne would purchase the assets of plaintiffs' company for the price of $140,000. The agreement provided that Charlestowne would pay $65,000 on January 2, 1988, and would pay $15,000 every January 2 thereafter until 1993. Charlestowne would also pay interest on the outstanding balance every April 1, July 1, October 1 and January 1, until the purchase price was paid in full. Charlestowne made the January 2, 1988, principal payment of $65,000 and the January, April, July and October 1988 interest payments. However, Charlestowne did not make the January 2, 1989, principal payment or the January 1 and April 1, 1989, interest payments.

On April 6, 1989, plaintiffs filed suit seeking the overdue amount and attorney fees and costs. On September 14, 1989, the trial court entered judgment in favor of plaintiffs in the amount of $20,125; the issue of attorney fees was reserved. On February 14, 1991, the trial court awarded plaintiffs $3,043.75 for attorney fees and $120.64 for costs.

Meanwhile, defendant did not make the January 1, 1990, principal payment or the interest payments for July and October 1989 and January and April 1990. On July 3, 1990, plaintiffs filed another lawsuit. In count I, plaintiffs sought the overdue payments as well as the remaining balance due under the contract. In count II, plaintiffs alleged that defendant had breached an agreement to provide insurance; plaintiffs sought the cost of continued coverage.

Defendant filed a motion to dismiss alleging, among other things, that there was another action pending between the same parties for the same cause and that the action was barred by a prior judgment. On January 15, 1991, the trial court dismissed count I with prejudice, finding that there "ha[d] been a judgment as to the subject matter of Count I." The court also dismissed count II but gave plaintiff leave to amend that count. The court entered a finding, pursuant to Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)), that there was no just reason to delay enforcement or appeal of the order. Plaintiffs appeal from the dismissal of count I.

On appeal, plaintiffs contend that their second suit was not for the same cause as their first suit. Thus, their second suit was not barred by the judgment in the first suit. We agree.

Initially, we note that defendant has not filed a brief in this matter. We will review the merits of the appeal according to the standards set forth in *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 133.

Under the doctrine of *res judicata*, a final judgment entered by a court of competent jurisdiction bars any subsequent actions between the same parties on the same cause of action. (*Simcox v. Simcox* (1989), 131 Ill. 2d 491, 497.) Generally, however, where a money obligation is payable in installments, a separate cause of action arises on each installment. (*Thread & Gage Co. v. Kucinski* (1983), 116 Ill. App. 3d 178, 184, citing *Light v. Light* (1957), 12 Ill. 2d 502, 506.) The party entitled to payments may bring separate actions on each installment as it becomes due or wait until several installments are due and then sue for all such installments in one cause of action. (1 A. Corbin, Contracts §950, at 931 (1952).) An action for installments due on a contract will not bar a later action to collect installments which subsequently became due. *Manhattan Co. v. Eversz* (1913), 180 Ill. App. 470, 472, *aff'd* (1914), 262 Ill. 612; 1 A. Corbin, Contracts §948, at 930 (1952).

In their first suit, plaintiffs sought only the January 2, 1989, principal payment and the January and April 1989 interest payments, payments that were overdue when the action commenced. Judgment was entered on that basis. In the second suit, plaintiffs are seeking to recover the balance of the sale price, $60,000 ($140,000 less the $65,000 down payment and the $15,000 January 1989 principal payment previously awarded), and interest based on defendant's continuing failure to make its payments. Although the complaint could have been more artfully drafted, it is clear enough that plaintiffs are not seeking to collect the same installments that they sought in their first action. In the second suit, they are seeking the amounts that came due after the first suit was filed as well as future payments. As the question is not before us, we express no opinion concerning whether, under the terms of the agreement, plaintiffs may recover installments not yet due and payable. In any event, the judgment in the first action did not bar plaintiffs' subsequent action to recover later installments.

The judgment of the circuit court of Kane County is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

WOODWARD and McLAREN, JJ., concur.