# Illinois Official Reports

## Appellate Court

---

> ### *Wells Fargo Bank, N.A. v. Coghlan*, 2021 IL App (3d) 190701

---

| | |
|---|---|
| Appellate Court Caption | WELLS FARGO BANK, N.A., Plaintiff-Appellee, v. JOHN S. COGHLAN, a/k/a John Coghlan, a/k/a John Shea Coghlan; NANCY R. COGHLAN; UNKNOWN OWNERS; and NONRECORD CLAIMANTS, Defendants (John S. Coghlan and Nancy R. Coghlan, Defendants-Appellants). |
| District & No. | Third District<br>No. 3-19-0701 |
| Filed | June 7, 2021 |
| Decision Under Review | Appeal from the Circuit Court of Kankakee County, No. 15-CH-216; the Hon. Ronald J. Gerts, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | James D. Marek, of Marek and Meyer, Ltd., and John Shea Coghlan, both of Kankakee, for appellants.<br><br>Joseph M. Herbas, of Shapiro Kreisman & Associates, LLC, and M. Patrick Yingling, of Reed Smith LLP, both of Chicago, for appellee. |

JUSTICE SCHMIDT delivered the judgment of the court, with opinion.
Justices Daugherity and Holdridge concurred in the judgment and opinion.

**OPINION**

¶ 1    In this appeal, defendants, John and Nancy Coghlan, make their case for a free house. See generally Megan Wachspress, Jessie Agatstein, & Christian Mott, *In Defense of "Free Houses"*, 125 Yale L.J. 1115, 1116 (2016) (arguing "courts should issue final judgments in favor of homeowners in cases where banks fail to prove the elements required for foreclosure. Furthermore, these judgments should have *res judicata* effect—thus giving homeowners 'free houses.' "). Of course, the holder of the note secured by a mortgage on said house is not in a charitable mood. The matter is before this court as a result of a second attempt by plaintiff, Wells Fargo Bank N.A. (Wells Fargo), to foreclose on the Coghlans' property. The initial foreclosure resulted in summary judgment in favor of the Coghlans after the circuit court determined Wells Fargo lacked standing. Then as a defense to Wells Fargo's second attempt to foreclose, the Coghlans argued in a motion to dismiss that the previous decision bars the second action. 735 ILCS 5/2-619(a)(4) (West 2014). In response to Wells Fargo's motion for summary judgment, the Coghlans filed a cross-motion for summary judgment and also argued genuine issues of material fact precluded judgment in Wells Fargo's favor. The circuit court ruled in favor of Wells Fargo in both instances. The Coghlans appeal. We affirm.

¶ 2                                    I. BACKGROUND

¶ 3    On November 30, 2007, TMS Mortgage, Inc., originated a loan resulting in the disbursal of funds to John Coghlan. John executed a note promising to repay the principal in addition to interest payments. The note is secured by a mortgage on real property executed by both John and Nancy. The note and mortgage in this case require monthly installment payments up to December 1, 2027. The note and the mortgage were assigned multiple times before eventually being acquired by Wells Fargo. John subsequently defaulted on the mortgage and note. As a result, Wells Fargo filed a foreclosure action in February 2011.

¶ 4    The circuit court in that case initially granted summary judgment in favor of Wells Fargo. However, the court found after the hearing on a motion to reconsider that the assignment of the mortgage and note to Wells Fargo did not occur until several months after the suit was filed. This resulted in Wells Fargo lacking standing. Specifically, the court stated:

      "The Court concludes it erred in its original rulings. A party's standing to sue must be determined as of the time the suit is filed. [Citation.] In the instant case, Plaintiff lacked an interest in the controversy at the time the Complaint was filed and was therefore precluded from bring[ing] suit. The Plaintiff has presented no competent evidence to establish that the assignment to the Plaintiff validly documented a transfer that occurred prior to the execution of the assignment."

¶ 5    The court went on to enter summary judgment in favor of the Coghlans, finding no just reason for delay of enforcement of the order and that the order was final and appealable. Wells Fargo did not appeal the court's judgment. A few months later, Wells Fargo moved for a

voluntary dismissal. The court acquiesced and entered an order for voluntary dismissal. The court would later vacate that order, noting the order was "void as summary judgment had been granted in favor of [the Coghlans] and 30 days had passed." The Coghlans failed to make any installment payments on the note and mortgage following this victory.

¶ 6   In August 2015, Wells Fargo filed the instant foreclosure action, attaching the assignment of the mortgage and note to Wells Fargo to the complaint. In response, the Coghlans, represented by John, a lawyer, filed a motion to dismiss, arguing *res judicata* precluded the foreclosure action. The court denied the motion, and the Coghlans filed an answer with affirmative defenses. Wells Fargo filed a motion to strike affirmative defenses, which the court granted. The Coghlans then filed an amended answer, again, asserting the affirmative defense of *res judicata* and alleging that the assignment to Wells Fargo was forged by Wylin Xiong, an employee of Wells Fargo. Thereafter, the parties filed cross-motions for summary judgment. Even after filing a cross-motion for summary judgment, the Coghlans continued to insist genuine issue of material fact existed.

¶ 7   The court found that the only defense of merit offered by the Coghlans was *res judicata*. The court entered an order partially granting Wells Fargo's request for summary judgment. After dueling motions to reconsider the court's original order of summary judgment, Wells Fargo's request for summary judgment was granted in full. The court found that the decision in the previous foreclosure action never reached the merits of the claim. Ergo, *res judicata* was inapplicable. The court went on to approve the confirmation of sale of the Coghlans' property.

¶ 8   This appeal followed.

¶ 9                                II. ANALYSIS

¶ 10   The Coghlans argue the trial court erred in two respects: first, that the court should have granted their motion to dismiss based on *res judicata* and, second, that the court erred in granting summary judgment in favor of Wells Fargo where there were genuine issues of material fact.

¶ 11   Wells Fargo argues the Coghlans have forfeited the above arguments where their briefing fails to comply with Illinois Supreme Court Rule 341(h)(6), (h)(7) (eff. May 25, 2018). Specifically, Wells Fargo argues that the Coghlans have failed to support their arguments with sufficient citation of both authority and the record on appeal. Wells Fargo goes on to argue that there is an alternative basis to support the lower court's denial of the motion to dismiss based on the Coghlans' failure to file an affidavit. See 735 ILCS 5/2-619(a) (West 2014). In response to the Coghlans' *res judicata* argument, Wells Fargo alleges the lower court correctly found that there was no final judgment on the merits because the initial case resulted in a finding that Wells Fargo lacked standing, thereby preventing the court from reaching the merits of the claim. Wells Fargo further avers that the Coghlans failed to carry their burden in proving genuine issues of material fact exist precluding summary judgment.

¶ 12   We review a circuit court's ruling on a motion to dismiss and summary judgment *de novo*. *Kedzie & 103rd Currency Exchange, Inc. v. Hodge*, 156 Ill. 2d 112, 116 (1993). We may affirm the lower court's judgment on any basis supported by the record. *In re Estate of Funk*, 221 Ill. 2d 30, 86 (2006).

¶ 13   Initially, we dispose of Wells Fargo's arguments attacking the Coghlans' briefing and advancing alternative grounds for affirmance. We agree with Wells Fargo that the Coghlans'

brief in this matter could have been authored to more clearly present their arguments. Nonetheless, the briefing is not so inadequate as to require forfeiture under Rule 341. Additionally, we need not address the alternative basis for affirmance advanced by Wells Fargo as we find other compelling reasons to affirm the lower court's denial of the motion to dismiss. We now turn to the merits of this matter.

¶ 14                                        A. *Res Judicata*

¶ 15     The doctrine of *res judicata* will bar a subsequent suit where (1) a court of competent jurisdiction entered a final judgment on the merits in the prior case, (2) there is an identity of the causes of action in both cases, and (3) there is an identity of the parties or their privies in both cases. *A&R Janitorial v. Pepper Construction Co.*, 2018 IL 123220, ¶ 16. The doctrine is a creation of the courts to effectuate the practical necessity that, once decided on the merits, litigation and controversies shall remain in repose. *Ward v. Decatur Memorial Hospital*, 2019 IL 123937, ¶ 44. Generally, " '[t]he rule in Illinois is that *res judicata* extends only to the facts and conditions as they were at the time a judgment was rendered.' " *Hayashi v. Illinois Department of Financial & Professional Regulation*, 2014 IL 116023, ¶ 46 (quoting *Northern Illinois Medical Center v. Home State Bank of Crystal Lake*, 136 Ill. App. 3d 129, 144 (1985)). However, " '[w]hen new facts or conditions intervene before a second action, establishing a new basis for the claims and defenses of the parties respectfully, the issues are no longer the same, and the former judgment cannot be pleaded as a bar in a subsequent action.' " *Id.* (quoting *Northern Illinois Medical Center*, 136 Ill. App. 3d at 144).

¶ 16     Indulging the Coghlans and assuming the previous grant of summary judgment based on a lack of standing was a final judgment on the merits would only fulfill the first requirement of *res judicata*.[1] The identity of the parties being the same meets the third requirement. However, the Coghlans fail to recognize, and Wells Fargo fails to argue, that the Coghlans are in a continuous state of default. "Generally, *** where a money obligation is payable in installments, a separate cause of action arises on each installment." *Brown v. Charlestowne Group, Ltd.*, 221 Ill. App. 3d 44, 46 (1991). Further, "*res judicata* does not bar suits for defaults on installment payments whose due dates occur after the filings of the prior complaints." *Wilmington Savings Fund Society, FSB v. Barrera*, 2020 IL App (2d) 190883, ¶ 19. " '[A] defendant's continuing course of conduct, even if related to conduct complained of in an earlier action, creates a separate cause of action.' " *Id.* (quoting *D'Last Corp. v. Ugent*, 288 Ill. App. 3d 216, 222 (1997)).

---

[1]Although we make this assumption for the purpose of illustrating a point, in *Downing v. Chicago Transit Authority*, 162 Ill. 2d 70, 77 (1994), our supreme court held that summary judgment does not necessarily result in a judgment on the merits. In that case, the merits were never examined, and an order granting summary judgment issued because the statute of limitations had run. Justice Heiple writing for the court stated that "[t]o label such an order as an adjudication on the merits would be the quintessential act of exalting form over substance." *Id.* That logic applies here where the summary judgment order in the initial foreclosure action was based on a lack of standing. Any argument that Illinois Supreme Court Rule 273 (eff. Jan. 1, 1967) changes this analysis is without merit. "Rule 273 applies only to an involuntary dismissal of an action, such as that which occurs when a motion to dismiss under section 2-615 or 2-619 of the Code is granted." *Rein v. David A. Noyes & Co.*, 172 Ill. 2d 325, 335-36 (1996).

¶ 17    The current action does not arise from the same operative facts as the first. The note contemplates monthly payments up to December 1, 2027. The Coghlans' continuing failure to make payments on the loan presents new facts and conditions that were absent at the time the initial judgment was rendered. At oral arguments, John acknowledged that neither he nor Nancy made any payments on the note following the conclusion of the initial action for foreclosure. Their victory in that action did not impact their financial commitments under the note. As the lower court correctly explained, the note in this case has not been extinguished and constitutes a continuing obligation on the part of the Coghlans. The defaults subsequent to the 2011 foreclosure action bar the application of *res judicata*. See *Barrera*, 2020 IL App (2d) 190883, ¶ 19.

¶ 18    Further indulging the Coghlans, even if all the elements of *res judicata* were satisfied as they claim, we will not be apply the doctrine where it would be fundamentally unfair to do so. *Nowak v. St. Rita High School*, 197 Ill. 2d 381, 390 (2001). The Coghlans do not deny they owe the debt sought by Wells Fargo. Instead, their defense relies upon us exercising our discretion and applying an equitable doctrine to deny a lender its day in court to have its case heard on the merits. We decline the invitation to do so and consequently refuse to reward the Coghlans with a free house for failing to live up to their commitments. The application of *res judicata* in this instance is inequitable and would not further the ends of justice.

¶ 19    Accordingly, the circuit court did not err in denying the motion to dismiss.

¶ 20                                    B. Summary Judgment

¶ 21    We turn now to the Coghlans' argument that genuine issues of material fact preclude the entry of summary judgment. The Coghlans argue that Wylin Xiong lacked the authority to execute the assignment of the mortgage and note to Wells Fargo and that the lower court failed to address this issue. More to the point, they argue that Xiong is an employee of Wells Fargo and that the assignment is fraudulent. Wells Fargo contends that the Coghlans failed to provide evidence in the lower court to support this claim and thereby failed to create a genuine issue of material fact.

¶ 22    "When parties file cross-motions for summary judgment, they mutually agree that there are no genuine issues of material fact and that the case may be resolved as a matter of law." *Oswald v. Hamer*, 2018 IL 122203, ¶ 9. Here, the Coghlans filed a cross-motion for summary judgment but also contended a genuine issue of material fact existed. Despite this misstep, we will assess the Coghlans' argument because we have an independent duty to determine if a genuine issue of material fact exists. *In re Estate of Frakes*, 2020 IL App (3d) 180649, ¶ 20.

¶ 23    Summary judgment is appropriate when the pleadings, depositions, and admissions on file, together with the affidavits, if any, evidence there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. 735 ILCS 5/2-1005(c) (West 2014). "The purpose of summary judgment is not to try an issue of fact but to determine whether one exists." *Monson v. City of Danville*, 2018 IL 122486, ¶ 12. While a nonmoving party need not prove his or her claim at the summary judgment stage, it is the "put up or shut up" moment in a suit, and the nonmoving party must present some factual basis to support his or her claim. *Parkway Bank & Trust Co. v. Korzen*, 2013 IL App (1st) 130380, ¶ 14; *Schrager v. North Community Bank*, 328 Ill. App. 3d 696, 708 (2002). "Mere speculation, conjecture, or guess is insufficient to withstand summary judgment." *Sorce v. Naperville Jeep Eagle, Inc.*, 309 Ill. App. 3d 313, 328 (1999).

¶ 24　　The following exchange in the lower court speaks volumes on this issue.

"THE COURT: Okay. *** what is your reason for believing that [Wylin Xiong] is—this is—the assignment to Wells Fargo is fraudulent?

MR. COGHLAN: Because I looked [Wylin Xiong] up on Facebook. And at the time on his Facebook page it said that he was the loan processor for Wells Fargo. ***

THE COURT: *** [W]hat do you have in the way of evidence—I mean, frankly having looked up the guy's Facebook page is a bit shaky when we're coming to summary judgment."

¶ 25　　Shaky indeed. Having failed to muster sufficient evidentiary support in the "put up or shut up" moment of this case, the Coghlans now seek solace on appeal. Dispensing with any lingering suspense, no relief is forthcoming. At oral arguments, John conceded that he did not request an evidentiary hearing to proffer evidence in support of the claim that the assignment was fraudulent. Instead, the only evidence advanced to support this contention is the assertion that John viewed the Facebook profile of an individual named Wylin Xiong who allegedly worked for Wells Fargo. This is woefully insufficient to create a genuine issue of material fact. See *id.* John failed to provide a factual basis to prop up the argument that the assignment was fraudulent.

¶ 26　　Moreover, we find the Coghlans' assertion that the lower court failed to consider their claim that the assignment was fraudulent spurious. The Coghlans ignore the lower court's assertion that they only presented one defense of merit in resistance to summary judgment, *res judicata*. Inherent in that statement is that the other defenses were unmeritorious.

¶ 27　　Accordingly, the court did not err in granting summary judgment.

¶ 28　　　　　　　　　　　　　III. CONCLUSION

¶ 29　　For the foregoing reasons, we affirm the judgment of the circuit court of Kankakee County.

¶ 30　　Affirmed.