# Illinois Official Reports

## Appellate Court

---

### *Deutsche Bank National Trust Co. v. Roongseang,*
### 2019 IL App (1st) 180948

---

| | |
|---|---|
| Appellate Court Caption | DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for the First Franklin Mortgage Loan Trust 2005-FF8, Mortgage Pass-Through Certificates, Series 2006-FF8, Plaintiff-Appellee, v. CHAI ROONGSEANG; JINTANA ROONGSEANG, a/k/a Jintana Supatwanich; UNKNOWN OWNERS and NONRECORD CLAIMANTS, Defendants (Chai Roongseang and Jintana Roongseang, Defendants-Appellants). |
| District & No. | First District, First Division<br>No. 1-18-0948 |
| Filed | December 2, 2019 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 12-CH-44450; the Hon. Michael F. Otto, Judge, presiding. |
| Judgment | Reversed and remanded. |
| Counsel on Appeal | Rod Radjenovich, of Jeffrey Strange and Associates, of Wilmette, for appellants.<br><br>Robert J. Deisinger, of Anselmo Lindberg & Associates, LLC, of Naperville, for appellee. |

JUSTICE PIERCE delivered the judgment of the court, with opinion. Justices Hyman and Walker concurred in the judgment and opinion.

**OPINION**

¶ 1      This appeal arises from a mortgage foreclosure action against defendants Chai and Jintana Roongseang. On June 22, 2005, the Roongseangs took out a mortgage on the property commonly known as 730 Lacrosse Avenue, Wilmette, Illinois. The mortgage was later assigned to plaintiff Deutsche Bank National Trust Company, as trustee for the First Franklin Mortgage Loan Trust 2005-FF8, mortgage pass-through certificates, series 2006-FF8. After the Roongseangs defaulted on the loan, plaintiff filed a complaint to foreclose the mortgage.

¶ 2      The Roongseangs filed an answer and affirmative defenses, alleging that plaintiff failed to provide them with an acceleration notice in accordance with the terms of the mortgage. In its reply to the affirmative defenses, plaintiff denied failing to send the acceleration notice. Plaintiff then moved for summary judgment, arguing that the failure to provide notice was an improper affirmative defense and, in the alternative, that plaintiff had complied with the notice requirement by mailing the acceleration notice to the Roongseangs via certified mail. Plaintiff also moved for a judgment of foreclosure. On March 8, 2017, the circuit court entered summary judgment and a judgment of foreclosure in favor of plaintiff. In its judgment orders, the circuit court made no finding as to whether the contractually required acceleration notice had been given to the Roongseangs. On April 6, 2018, the circuit court entered an order approving the report of sale for the property.

¶ 3      On appeal, the Roongseangs argue that the circuit court erred by entering summary judgment and an order approving the report of sale in favor of plaintiff because plaintiff failed to provide proof of actual delivery of the acceleration notice. Essentially, the Roongseangs argue that the mortgage does not presume delivery of an acceleration notice sent via certified mail. Therefore, they contend that plaintiff was required to provide proof of actual delivery, not proof of mailing, in order to establish compliance with the notice condition precedent. For the following reasons, we agree. We therefore reverse the circuit court's entry of summary judgment and order approving judicial sale in favor of plaintiff and remand for further proceedings.

¶ 4                                    I. BACKGROUND

¶ 5      On June 22, 2005, the Roongseangs took out a mortgage on the Wilmette property from First Franklin, a division of National City Bank of Indiana. The mortgage was later assigned to plaintiff and thereafter serviced by plaintiff's mortgage loan servicer, Specialized Loan Servicing LLC. The Roongseangs defaulted on the loan in August of 2009. On December 17, 2012, plaintiff filed a complaint to foreclose on the mortgage.

¶ 6      Plaintiff attached a copy of the mortgage to its complaint. Section 22 of the mortgage requires the lender to provide the Roongseangs a notice of acceleration prior to invoking acceleration or initiating foreclosure. Section 20 of the mortgage provides that "notice and opportunity to take corrective action" must be given before the lender commences any judicial action in connection with the mortgage and that notices issued in accordance with section 15 satisfy the notice requirements of section 20. Section 15 of the mortgage provides:

"All notices given by borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means."

¶ 7 Plaintiff's complaint also asserted "deemed and construed" allegations pursuant to section 15-1504 of the Illinois Mortgage Foreclosure Law. 735 ILCS 5/15-1504(c) (West 2012). Paragraph 9 of the complaint alleged "that any and all notices of default or election to declare the indebtedness due and payable or other notices required to be given have been duly and properly given." In answer to paragraph 9, the Roongseangs stated, "deny as to the action at bar."

¶ 8 The Roongseangs' second affirmative defense was titled, "lack of subject matter jurisdiction." The allegations in support of this affirmative defense read as follows:

"2. Deutsche Bank has failed to give any 30 day notice to cure any default. Deutsche Bank has failed to give Borrower any Notice of Acceleration pursuant to paragraph 22.

* * *

8. Lender has not given defendant any notice of acceleration pursuant to section 20 of the Mortgage."

¶ 9 In its reply to the second affirmative defense, plaintiff denied failing to send the acceleration notice. Plaintiff also denied that failure to send a required notice could be properly raised as an affirmative defense.

¶ 10 On October 18, 2016, plaintiff filed its motion for summary judgment and its motion for judgment of foreclosure. In its motion for summary judgment, plaintiff argued that the Roongseangs' affirmative defenses were improper and, in the alternative, that plaintiff had provided the required notice by mailing the acceleration notice to the Roongseangs via certified mail. In support of this claim, plaintiff attached an affidavit of mailing from Ami McKernan, second assistant vice president of Specialized Loan Servicing. In relevant part, the affidavit stated that:

"Notice of Default dated July 12, 2012 was sent by certified mail under the exclusive care and custody of the United States Postal Service addressed to the following persons at the last known address set forth below:

Chai Roongseang

Jintana Roongseang

730 Lacrosse Ave

Wilmette, IL 60091-2012"

¶ 11 A copy of the July 12, 2012, notice was attached to the affidavit as Exhibit A, titled "Notice of Intent to Accelerate." In response, the Roongseangs denied receiving the notice, and argued that there is no presumption of delivery for certified mail. Both Chai and Jintana Roongseang attached affidavits stating that they did not receive any notice of default and acceleration prior to the filing of the foreclosure action.

¶ 12 On March 8, 2017, the circuit court entered summary judgment and a judgment of foreclosure in favor of plaintiff. In its judgment orders, the circuit court made no specific finding as to whether the required acceleration notice had been given to the Roongseangs. On April 6, 2018, the circuit court entered an order approving the report of sale for the property

¶ 13    A timely notice of appeal was filed.

¶ 14                              II. ANALYSIS

¶ 15    On appeal, the Roongseangs argue that the circuit court erred by entering summary judgment and an order approving the report of sale in favor of plaintiff because plaintiff failed to prove actual delivery of the acceleration notice. The Roongseangs argue that without proof that plaintiff complied with the acceleration notice requirement in the mortgage, plaintiff could not maintain a foreclosure action against them. Plaintiff argues (1) this appeal should be dismissed based on the Roongseangs' failure to timely file the record, (2) the Roongseangs failed to plead with specificity how plaintiff failed to perform the condition precedent as required by Illinois Supreme Court Rule 133(c) (eff. Jan. 1, 1967) and therefore judicially admitted receipt of the notice, and (3) plaintiff sufficiently established that the acceleration notice was properly mailed to the Roongseangs in accordance with the terms of the mortgage.

¶ 16    Although the issue of notice was raised below by the Roongseangs in an affirmative defense titled "lack of subject matter jurisdiction," on appeal the parties agree that the question of compliance with the notice requirements in the mortgage is not one of jurisdiction. Rather, it is a question of compliance with a mandatory condition precedent to plaintiff's foreclosure action. See *Cathay Bank v. Accetturo*, 2016 IL App (1st) 152783, ¶ 37. The parties disagree as to whether plaintiff's performance of that condition precedent was properly resolved by the trial court on summary judgment.

¶ 17    Summary judgment is appropriate where "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." 735 ILCS 5/2-1005 (West 2012). We review the circuit court's ruling on summary judgment *de novo*. *Murphy-Hylton v. Lieberman Management Services, Inc.*, 2016 IL 120394, ¶ 16. We review a court's decision to confirm a judicial sale for abuse of discretion. *Household Bank, FSB v. Lewis*, 229 Ill. 2d 173, 178 (2008).

¶ 18    As an initial matter, we must address plaintiff's renewed request to dismiss this appeal based on the Roongseangs' violation of Illinois Supreme Court Rule 326 (eff. July 1, 2017). Plaintiff argues that the Roongseangs' failure to timely file the record on appeal or timely file a motion for an extension of time to do so requires this court to dismiss the appeal. The Roongseangs respond that this court has the authority to grant motions for extensions of time that are untimely filed as well as motions to file the record *instanter*. We agree.

¶ 19    Pursuant to Rule 326, "the record on appeal shall be filed in the reviewing court within 63 days after the filing of the notice of appeal, or the last notice of appeal if more than one appeal is taken, or, if the time for filing a report of proceedings has been extended, within 14 days after the expiration of the extended time." *Id.* "Extensions of time for filing the record may be granted by the reviewing court or a judge thereof on motion made before the expiration of the original or extended time or on motion filed within 35 days thereafter supported by a showing of reasonable excuse for failure to file the motion earlier." *Id.* Failure to timely file the record or a motion for extension of time to do so does not affect the appellate court's jurisdiction over an appeal. *In re Marriage of Miller*, 84 Ill. App. 3d 931, 932 (1980). The appellate court has the discretion to determine whether an appeal should be dismissed for failure to timely file the record, even where no extension for filing was requested. See *In re Estate of Woodshank*, 27 Ill. App. 3d 444, 449 (1975).

¶ 20    Here, the parties do not dispute that neither the record nor any motion for an extension of time to file the record was filed during the period provided for in Rule 326. The Roongseangs filed their notice of appeal on May 10, 2018, but did not file their first verified motion for extension of time to file the record on appeal until September 19, 2018. Another panel of this court granted the motion to extend the filing of the appellate record to October 18, 2018. It was not filed by this date. On November 26, 2018, the Roongseangs moved to file the record on appeal *instanter*. The same panel granted the motion, and the record on appeal was filed on December 5, 2018. The Roongseangs, by counsel, asserted that the delay in filing the record was due to miscommunications between the clerk's office and their attorney.

¶ 21    We find that Rule 326 does not mandate dismissal of an appeal for failure to timely file the record or a motion for extension of time to do so because the filing of the record is not jurisdictional. Although dismissal under Rule 326 is within our discretion, we find that it is not warranted. Delay and miscommunication between the circuit court clerk's office and appellants is not infrequent and the delay occasioned here has not been materially prejudicial to the parties. Therefore, we will consider the appeal on its merits.

¶ 22    Next we consider whether the Roongseangs judicially admitted receipt of the notice. Plaintiff argues that the Roongseangs did not sufficiently plead plaintiff's failure to send the notice under Rule 133(c) in their answer and affirmative defenses. We disagree and find that the Roongseangs' adequately pled plaintiff's failure to send the required notices and, therefore, did not make a judicial admission of receipt of notice.

¶ 23    Rule 133(c) provides,

> "In pleading the performance of a condition precedent in a contract, it is sufficient to allege generally that the party performed all the conditions on his part; if the allegation be denied, the facts must be alleged in connection with the denial showing wherein there was a failure to perform." Ill. S. Ct. R. 133(c) (eff. Jan. 1, 1967).

"[A] general denial to an allegation of the performance of a condition precedent in a contract is treated as an admission of that performance." *Bank of New York Mellon v. Wojcik*, 2019 IL App (1st) 180845, ¶ 21. To comply with Rule 133(c), a party must set forth the specific conditions that the opposing party failed to perform. *Cushman & Wakefield of Illinois, Inc. v. Northbrook 500 Ltd. Partnership*, 112 Ill. App. 3d 951, 960 (1983). The specific denial required by Rule 133(c) may be contained in an affirmative defense. *Radkiewicz v. Radkiewicz*, 353 Ill. App. 3d 251, 259 (2004).

¶ 24    We find that the Roongseangs' second affirmative defense complied with Rule 133(c) in pleading plaintiff's failure to perform a condition precedent. In their second affirmative defense, the Roongseangs enumerate the various notices that plaintiff failed to send them. Of relevance here, the Roongseangs specifically pleaded that plaintiff failed to send them a notice to cure or a notice of acceleration under paragraphs 20 and 22 of the mortgage. These statements are adequate to meet the fact pleading requirements of Rule 133(c) because they specifically describe which conditions precedent are in dispute.

¶ 25    Having determined that the Roongseangs properly put the notice to cure and the acceleration notice requirement at issue, we consider whether plaintiff established its compliance with the notice requirements of the mortgage where its proof shows a mailing by certified mail without proof of actual delivery of the notice. We note that other jurisdictions have discussed the difference between first class and certified mail, but our research has not identified any Illinois decisions that have addressed whether mortgagors must provide proof

of actual delivery to prove receipt of a required notice where the notice is sent via certified mail. The Roongseangs argue that certified mail is sufficiently different from first class mail to require proof of actual delivery. The Roongseangs contend that, unlike first class mail, there can be no presumption of delivery for certified mail because the delivery of certified mail does not allow the letter to be left without a signature from the addressee. Plaintiff responds that certified mail is an "extra service" that confirms delivery of first class mail.

¶ 26 Section 15 of the mortgage provides that any notice sent to the borrower will be deemed given "when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means." Plaintiff attests that it sent the required notice to the Roongseangs via certified mail. The Roongseangs deny receipt of the notice. Therefore, the question is whether certified mail falls under the umbrella of "first class mail," for which proof of mailing is sufficient to show compliance with the notice requirement, or whether sending a notice via certified mail is by "other means," which requires proof of actual delivery.

¶ 27 Interpretation of a mortgage provision, like interpretation of any contract, is a question of law which we review *de novo*. *Accetturo*, 2016 IL App (1st) 152783, ¶ 26. "The primary objective in construing a contract is to give effect to the intent of the parties." *Gallagher v. Lenart*, 226 Ill. 2d 208, 232 (2007). Thus, when construing the language of a contract, we give terms their plain and ordinary meaning. *Hunt v. Farmers Insurance Exchange*, 357 Ill. App. 3d 1076, 1078 (2005). If a term that is undefined by the contract has a plain and popular meaning, the term should be enforced as written. *Id.* at 1078-79. Because words derive their meaning from context, the provisions of a contract must be looked at as a whole. *Gallagher*, 226 Ill. 2d at 233.

¶ 28 The clear purpose of section 15 of the mortgage, when read together with sections 20 and 22, is to provide the borrower with a notice of default to allow for an opportunity to cure. Section 15 describes two methods by which the mortgagor can prove that notice has been given. First, notice is deemed given when mailed to the borrower by first class mail. Second, if the notice is sent by "other means," notice is deemed given when actually delivered to the borrower's notice address. Because the terms "first class mail" and "other means" are not defined in the mortgage, we construe the terms in the context of the mortgage document as a whole.

¶ 29 The United States Postal Service defines its mailing standards in the Domestic Mail Manual (DMM). See 39 C.F.R. § 111.1 (2005). In the DMM, "certified mail" is described as an "extra service" that is only available for first class and priority mail. U.S. Postal Serv., Mailing Standards of the United States Postal Service, Domestic Mail Manual § 503.1.4.1 (Oct. 7, 2019) https://pe.usps.com/cpim/ftp/manuals/dmm300/full/MailingStandards.pdf [https://perma.cc/PV5G-VT2P]. The DMM does not describe certified mail as a class of mail but as a service used to provide "the sender with a mailing receipt and, upon request, electronic verification that an article was delivered or that a delivery attempt was made." *Id.* § 503.3.1.1.

¶ 30 Section 15 of the mortgage states that notice shall be deemed given where the notice is sent via first class mail. This reflects the "mailbox rule," where properly addressed letters sent via regular mail carry a presumption of delivery when they are deposited in the mail with postage prepaid. *CitiMortgage, Inc. v. Lewis*, 2014 IL App (1st) 131272, ¶ 39. This rule was developed to prohibit a party from undermining the reliability of giving notice by mail by asserting a mere denial of receipt. See *Bernier v. Schaefer*, 11 Ill. 2d 525, 529 (1957).

¶ 31 Given the restrictions on delivery of certified mail, many courts have declined to extend the "mailbox" presumption of delivery to certified mail. In *In re Marriage of Betts*, 159 Ill. App. 3d 327 (1987), the court examined the service requirements of Illinois Supreme Court Rule 11 (eff. May 15, 1980). Generally, a party complies with the requirements of Rule 11 when it deposits a properly addressed letter with postage prepaid at a United States post office or in a post office box. In *Betts*, the petitioner mailed notice of a hearing via certified mail as opposed to "regular mail" as required by the rule. *Betts*, 159 Ill. App. 3d at 332. The *Betts* court found that where a party serves notice of a hearing via certified mail, that party could not rely on the presumption of delivery associated with ordinary mail. *Id.* By undertaking more than the rule required in sending the notice via certified mail, the petitioner triggered an obligation "to follow through on that method by submitting the return receipt as proof of service." *Id.* Thus, proof of service for a document sent via certified mail could not be shown without the certified mail return receipt.

¶ 32 Similarly, the Seventh Circuit has held that there is no presumption of delivery "as to a piece of certified mail when no receipt notice is returned." *McPartlin v. Commissioner*, 653 F.2d 1185, 1191 (7th Cir. 1981). In *McPartlin*, the commissioner of the Internal Revenue Service (Commissioner) sent a notice of deficiency to petitioners' address via certified mail. The Commissioner's file did not contain a return receipt. *Id.* The court found that the lack of a return receipt could mean that delivery of the notice was never attempted. *Id.* The Commissioner claimed that the notice started the period during which the taxpayer could petition for a redetermination. The court found that, without the return receipt, the Commissioner could not establish that the notice of deficiency was received by the petitioner and thus could not establish that the petition for redetermination was untimely. *Id.* at 1192.

¶ 33 In a case strikingly similar to the one at bar, though not binding on this court, the Appellate Court of Connecticut determined that, under the terms of the mortgage, proof of actual delivery is required for mortgage notices sent via certified mail. *Aurora Loan Services, LLC v. Condron*, 186 A.3d 708 (Conn. App. Ct. 2018). In *Condron*, the mortgage provided that notice would be deemed given " 'when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means.' " (Emphasis omitted.) *Id.* at 720. The court found that the terms of the mortgage notice provision only afforded a presumption of receipt to a notice sent by first class mail. *Id.* After discussing the differences between certified mail and regular mail, the court found that the presumption of receipt could not be extended to notices sent via certified mail. Because actual delivery may be less likely when a notice is sent by certified mail, the term "certified mail" falls under the "other means" of sending notice and proof of actual delivery is required. *Id.* at 725.

¶ 34 We are not persuaded by plaintiff's argument that certified mail is an "extra service" that is added to first class mail, so that certified mail should be considered a form of first class mail to which the presumption of delivery applies. Various jurisdictions, including the United States Supreme Court, have found that certified mail and first class mail are not interchangeable terms because the different delivery services associated with them affect the receipt of notice. See, *e.g.*, *Jones v. Flowers*, 547 U.S. 220, 235 (2006) (finding that "use of certified mail might make actual notice less likely in some cases—the letter cannot be left like regular mail to be examined at the end of the day, and it can only be retrieved from the post office for a specified period of time"); *Massoud v. Board of Education of Valley View Community District No. 365-U*, 97 Ill. App. 3d 65 (1981) (finding that notice given by first class mail is not a substitute for

notice sent by certified or registered mail); *National City Mortgage Co. v. Richards*, 182 Ohio App. 3d 534, 2009-Ohio-2556, 913 N.E.2d 1007, ¶ 28 (finding that there was no presumption of delivery for a mortgage default notice that was sent via certified mail and not via "ordinary, first class mail").

¶ 35 Given the distinction between the methods of delivery for first class and certified mail, we find that where plaintiff chose to send the acceleration notice via certified mail, it was sent by "other means" and proof of actual delivery of the notice is required to establish compliance with the notice provisions in the mortgage. Because plaintiff sent the notice via certified mail, there is no presumption of delivery and the plaintiff must provide the return receipt, or present other competent evidence of actual delivery, in order to prove compliance with the notice requirements of the mortgage.

¶ 36 We reject plaintiff's contention that its failure to provide the return receipt can be excused under the doctrine of substantial compliance or as harmless error. "When a contract contains an express condition precedent, strict compliance with such a condition is required." *Accetturo*, 2016 IL App (1st) 152783, ¶ 32. "[C]ourts will enforce express conditions precedent regardless of the potential for harsh results for the noncomplying party." *Id.* Plaintiff has failed to establish that it complied with the conditions precedent in the mortgage.

¶ 37 Because sending notice by certified mail is sending notice by "other means," we find that, at summary judgment, plaintiff failed to meet its burden to prove it sent notice to the Roongseangs. There is no dispute that plaintiff did not submit a return receipt. In their pleadings and affidavits, the Roongseangs denied receiving the notice and created a fact issue on whether notice was sent. As discussed, proof of actual delivery, in the form of the return receipt for the certified mail, would have established compliance with the mortgage notice requirement. Because plaintiff did not produce the return receipt, or otherwise provide proof of actual delivery, it has not met its evidentiary burden on summary judgment to show that it complied with the notice condition precedent. Accordingly, we reverse the trial court's entry of summary judgment in favor of plaintiff. Similarly, we reverse the trial court's entry of a judgment of foreclosure in favor of plaintiff.

¶ 38 Finally, we review an order approving a report of sale and distribution for abuse of discretion. *Id.* ¶ 54. Where a question of fact exists as to whether the mortgagee complied with the notice requirements in the mortgage and satisfied a condition precedent to a foreclosure action, the circuit court abuses its discretion in confirming a judicial sale. *Credit Union 1 v. Carrasco*, 2018 IL App (1st) 172535, ¶ 22. Here, the failure to prove actual delivery of the notice sent by certified mail leaves a question of fact as to whether plaintiff complied with the notice requirements found in the mortgage. We reverse the order approving the report of sale.

¶ 39                                                    III. CONCLUSION
¶ 40 For the foregoing reasons, the orders of the circuit court entering summary judgment and judgment of foreclosure in favor of plaintiff and approving the report of sale are reversed. We remand to the circuit court for further proceedings.

¶ 41 Reversed and remanded.