2025 IL App (1st) 242038-U

THIRD DIVISION
September 10, 2025

No. 1-24-2038

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | |
|---|---|
| U.S. BANK TRUST NATIONAL ASSOCIATION, not in its Individual Capacity but Solely as Owner Trustee for VRMTG Asset Trust, | ) ) ) ) |
| Plaintiff-Appellee, | ) ) |
| v. | ) ) |
| KRYSTYNA GAJDA, TIFFANY PLACE HOMEOWNERS ASSOCIATION, and UNKNOWN OWNERS AND NONRECORD CLAIMANTS, | ) ) ) |
| Defendants | ) ) ) |
| (Krystyna Gajda, Defendant-Appellant). | ) ) |

Appeal from the
Circuit Court of
Cook County

No. 22 CH 3926

Honorable
Patricia S. Spratt,
Judge Presiding.

_____

JUSTICE REYES delivered the judgment of the court.
Presiding Justice Martin and Justice Lampkin concurred in the judgment.

**ORDER**

¶ 1     *Held*:  Affirming the grant of summary judgment in favor of the bank in a mortgage foreclosure action.

¶ 2     Plaintiff U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee for VRMTG Asset Trust (the bank), filed a mortgage foreclosure complaint in the

circuit court of Cook County against defendant Krystyna Gajda (Gajda) relating to real property in Streamwood, Illinois (the property). The circuit court granted summary judgment in favor of the bank and entered a judgment of foreclosure and sale. The property was sold in a judicial sale which was subsequently confirmed by the circuit court. Gajda contends on appeal that the circuit court erroneously granted summary judgment in the bank's favor where the bank allegedly failed to submit proof that it had provided Gajda with a notice of default, as required by the mortgage. Gajda also contends that a prove-up affidavit filed by the bank did not comply with Illinois Supreme Court Rules 191 and 113 (Ill. S. Ct. R. 191 (eff. Jan. 4, 2013); Ill. S. Ct. R. 113 (eff. Oct. 1, 2021)). For the reasons discussed below, we affirm.

¶ 3                                 BACKGROUND

¶ 4                        *Note, Mortgage, and Modification*

¶ 5     Gajda, as the borrower, executed a note and a mortgage with the bank's predecessor in interest, as the lender. The principal amount of the note was approximately $149,000. The mortgage granted the lender a security interest in the property, located in the 100 block of North Oltendorf Road in Streamwood. Section 22 of the mortgage stated, in part:

> "22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument ***. The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by the [mortgage], foreclosure by judicial proceeding and sale of the Property."

The mortgage further provided that any notice "shall be deemed to have been given" to Gajda

when mailed by first class mail.

¶ 6    At Gajda's request, the note and mortgage were modified pursuant to a loan modification agreement executed by Gajda in October 2014, wherein she acknowledged that she had failed to pay certain amounts and that the lender had advanced approximately $81,000 in taxes, insurance premiums and other expenses to protect its interest in the note and the mortgage. The agreement provided that Gajda agreed to pay (a) approximately $161,000 plus interest in monthly installments; and (b) a deferred amount of approximately $69,000, without interest. The new maturity date of the note and mortgage was October 1, 2054.

¶ 7    *Initiation of Foreclosure Action*

¶ 8    The bank filed a foreclosure complaint against Gajda and other parties[1] in the circuit court of Cook County under the Illinois Mortgage Foreclosure Law (Mortgage Foreclosure Law) (735 ILCS 5/15-1101 *et seq*. (West 2022)) on April 26, 2022. The complaint alleged that Gajda failed to make payments to the bank commencing in April 2020. The principal balance as of the date of the complaint was approximately $220,000, plus interest, costs, advances, and fees. The exhibits attached to the complaint included the note, the mortgage, and the loan modification agreement.

¶ 9    In her answer to the complaint, Gajda admitted that she had not made payments on the mortgage commencing in April 2020. She denied, however, the allegation (discussed below) that "any and all notices of default or election to declare the indebtedness due and payable or other notices required to be given have been duly and properly given."

---

[1] The complaint was also filed against Tiffany Place Homeowners Association—which apparently managed and/or maintained the community where the property was located—and "unknown owners and nonrecord claimants." In orders entered in January 2024, the homeowners association was found to be in default, and the unknown owners and nonrecord claimants were dismissed as party defendants.

¶ 10    Gajda filed two affirmative defenses. In the first affirmative defense, she alleged that the bank did not provide her with the required notice under section 22 of the mortgage. According to Gajda, such notice was a condition precedent to both the acceleration of the indebtedness and the initiation of the litigation. In the second affirmative defense, Gajda similarly alleged that another provision of the mortgage required the bank to send a specified notice, which was not provided. As to both affirmative defenses, Gajda represented that she had "regularly and routinely check[ed] her mail" and had not received the notices.

¶ 11    The bank filed a motion to strike Gajda's affirmative defenses pursuant to section 2-615 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615 (West 2022)), arguing that Gajda's "defenses" were simply denials of certain allegations in the complaint and thus were not proper affirmative defenses. Over Gajda's objection, the circuit court granted the motion to strike, and both affirmative defenses were stricken with prejudice.

¶ 12                    *Summary Judgment and Related Matters*

¶ 13    The bank filed a motion for an order of default and judgment of foreclosure and sale on October 6, 2023. The attachments to the motion included the affidavit of Robert Ortega (Ortega), a document verification specialist for the bank's servicer. Ortega averred that he reviewed specified records to calculate the amounts due from Gajda to the bank; the total amount due through September 30, 2023, was $251,656.44. Copies of the materials which were reviewed by Ortega were appended to his affidavit.

¶ 14    On October 6, 2023, the bank also filed (a) a motion for summary judgment pursuant to section 2-1005 of the Code (735 ILCS 5/2-1005 (West 2022)) or, in the alternative, judgment pursuant to section 15-1506 of the Mortgage Foreclosure Law (735 ILCS 5/15-1506 (West 2022)) and (b) a motion for entry of a judgment for foreclosure and sale.

¶ 15     Gajda filed a combined response to the bank's motion for summary judgment and a motion to strike Ortega's affidavit.  Gajda contended that the summary judgment motion did not include any evidence that the bank complied with the "pre-acceleration and pre-foreclosure" requirements set forth in paragraph 22 of the mortgage.  After noting that Ortega did not attach a copy of the acceleration letter to his affidavit, Gajda argued that "without reviewing the acceleration letter, Ortega is in no position to testify that the full amount of the loan is presently due and owing."

¶ 16     Gajda submitted her own affidavit dated December 6, 2023, wherein she averred that: (a) she resided in the property for more than 15 years and was "not away on vacation or otherwise not at my home" in 2021 and 2022; (b) she received all of her mail at the property; (c) she checked her mail regularly; and (d) she had "no records or copies in my records of letters from the servicing company alleging default and intent to accelerate."

¶ 17     In its reply in support of its motion for summary judgment, the bank observed that Gajda did not claim she was not in default or that the bank's calculations were incorrect.  The bank further noted that her affidavit did not address the actual mailing or receipt of the notice of acceleration.  As to Ortega's affidavit, the bank maintained that Ortega was not required to attach the notice of acceleration to his affidavit, as he was required to include only the records on which he relied, pursuant to Illinois Supreme Court Rules 191 and 113 (Ill. S. Ct. R. 191 (eff. Jan. 4, 2013); Ill. S. Ct. R. 113 (eff. Oct. 1, 2021)).

¶ 18     The bank also provided details regarding the mailing of the notice at issue.  An affidavit of Winston Johnson (Johnson)—another document verification specialist for the bank's servicer—was appended to the reply.  Johnson's affidavit included two exhibits: (a) a letter log which indicated that the written notice of default was mailed to Gajda on May 20, 2020; and

(b) a copy of the written notice of default which was saved to the servicer's computer record associated with Gajda's loan.

¶ 19    On January 9, 2024, the circuit court granted the bank's motion for summary judgment and entered a judgment of foreclosure and sale.

¶ 20    Shortly before the scheduled date of the judicial sale in April 2024, Gajda filed an emergency motion to stay the sale. Over the bank's objection, Gajda's motion was granted, and the sale was stayed until June 6, 2024.

¶ 21    At a sale conducted on June 7, 2024, the bank submitted a successful credit bid of $198,000 for the property, resulting in a deficiency of approximately $80,000. An order approving the report of sale and distribution and confirming the sale was entered on September 11, 2024. Gajda subsequently filed this timely appeal.

¶ 22                                    ANALYSIS

¶ 23    On appeal, Gajda raises two challenges to the grant of summary judgment in favor of the bank. Gajda initially argues that the bank failed to provide any proof that it complied with the "contractual condition precedent to acceleration and default required in the mortgage." She further maintains that the Ortega affidavit failed to comply with Illinois Supreme Court Rules 191 and 113 and thus should have been stricken. See Ill. S. Ct. R. 191 (eff. Jan. 4, 2013); Ill. S. Ct. R. 113 (eff. Oct. 1, 2021). We address these related contentions below.

¶ 24                      *Acceleration Notice as Condition Precedent*

¶ 25   Gajda contends that the bank's compliance with section 22 of the mortgage—which required the sending of a notice with specified information prior to acceleration—was a condition precedent to the bank's initiation of the foreclosure action. As the mortgage stated that the bank "shall give notice" to Gajda "prior to acceleration" following a breach, the bank's

sending of the notice clearly was required before acceleration. See *Deutsche Bank National Trust Co. v. Roongseang*, 2019 IL App (1st) 180948, ¶ 27 (noting that "when construing the language of the contract, we give terms their plain and ordinary meaning"). Illinois courts have held that where a loan instrument requires such notice to be provided, the lender's failure to do so constitutes a failure to satisfy a condition precedent to foreclosure. See *Credit Union 1 v. Carrasco*, 2018 IL App (1st) 172535, ¶ 15 (stating that "[t]his type of acceleration notice has been held to be a condition precedent to the lender's right to bring suit").

¶ 26　　We further note that Gajda does not appear to contest that the bank's complaint substantially complied with the requirements of section 15-1504 of the Mortgage Foreclosure Law (735 ILCS 5/15-1504 (West 2022)), which "provides a form complaint which many plaintiffs employ essentially verbatim." *Wells Fargo Bank N.A. v. Bednarz*, 2016 IL App (1st) 152738, ¶ 8. Accord *Parkway Bank & Trust Co. v. Korzen*, 2013 IL App (1st) 130380, ¶ 43. Under section 15-1504, the statements contained in a complaint which complies with the statutory form are "deemed and construed" to include additional statutorily specified allegations. 735 ILCS 5/15-1504 (West 2022). The "deemed and construed" allegations "take a number of normally innocuous and uncontested issues out of play" and thus establish a balance between the lender's interest that a foreclosure case "not be bogged down by formalistic proofs over noncontroversial matters" and a borrower's interest in preserving their property. *Wells Fargo Bank, N.A. v. Simpson*, 2015 IL App (1st) 142925, ¶¶ 45-46.

¶ 27　　The dispute herein relates to one of the "deemed and construed" allegations in the bank's complaint against Gajda, *i.e.*, that "any and all notices of default or election to declare the indebtedness due and payable or other notices required to be given have been duly and properly given." 735 ILCS 5/15-1504(c)(9) (West 2022). In her answer to the complaint, Gajda denied

this allegation and stated that a "more specific factual denial of this allegation" was included in her affirmative defenses. Gajda alleged in her affirmative defenses, in pertinent part, that (a) the bank failed to provide the acceleration notice as set forth in section 22 of the mortgage, which was a condition precedent to both acceleration and the filing of the foreclosure action and (b) Gajda "regularly and routinely checks her mail at her notice address under the subject mortgage and did not receive any notice." The circuit court subsequently struck the affirmative defenses with prejudice. *E.g., CitiMortgage, Inc. v. Bukowski*, 2015 IL App (1st) 140780, ¶ 16 (finding that the borrowers' assertion that the lender failed to send a notice attacked the lender's ability to maintain the action and did not raise a new matter which defeated the claim and thus was not a proper affirmative defense). As Gajda has not advanced any arguments on appeal regarding the circuit court's grant of the bank's motion to strike her affirmative defenses, such challenge is forfeited. Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) (stating that points not argued are forfeited).

¶ 28    In sum, Gajda's affirmative defenses were stricken, and her answer solely provided a general denial to the allegation that the bank provided all required notices under the mortgage, including the acceleration notice which (as discussed above) Illinois courts have found to be a condition precedent to the initiation of the foreclosure action. As the bank observes, Illinois Supreme Court Rule 133(c) provides that "[i]n pleading the performance of a condition precedent in a contract, it is sufficient to allege generally that the party performed all the conditions on his part; if the allegation is denied, the facts must be alleged in connection with the denial showing where there was a failure to perform." Ill. S. Ct. R. 133(c). In light of the requirements of Rule 133(c), Illinois courts "have repeatedly recognized that a mere general denial of the performance of the conditions precedent of a contract in a party's responsive

pleading, without allegations of specific facts, results in the forfeiture of the issue of performance of the conditions precedent of a contract." *Bank of New York Mellon v. Wojcik*, 2019 IL App (1st) 180845, ¶ 21. For example, in *Wojcik*, the borrowers responded to the lender's allegation that all required notices were given by simply stating that they "deny the above allegation," without alleging any specific facts to support the denial. *Id.* ¶ 22. The appellate court found that the borrowers forfeited this issue, as their general denial stood as an admission that the lender provided all proper notices. *Id.*

¶ 29 Based on the foregoing, it appears that Gajda's answer did not allege sufficient facts in support of her denial of the allegation regarding the provision of the acceleration notice. Even assuming *arguendo* that the stricken affirmative defenses rendered her answer sufficient, we find that the circuit court did not err in granting summary judgment, as discussed below. See *Roongseang*, 2019 IL App (1st) 180948, ¶ 23 (noting that the "specific denial required by Rule 133(c) may be contained in an affirmative defense").

¶ 30 *Summary Judgment*

¶ 31 Gajda challenges the grant of summary judgment in favor of the bank. Summary judgment is properly granted where the depositions, pleadings, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the movant is entitled to a judgment as a matter of law. 735 ILCS 5/2-1005(c) (West 2022). When considering a motion for summary judgment, the circuit court must view these documents and exhibits in the light most favorable to the nonmoving party. *Carrasco*, 2018 IL App (1st) 172535, ¶ 13. The purpose of summary judgment is not to resolve a question of fact, but rather to determine whether one exists. *Wojcik*, 2019 IL App (1st) 180845, ¶ 19.

¶ 32 While summary judgment is a drastic means of disposing of litigation, it is nonetheless

"an appropriate measure to expeditiously dispose of a suit when the moving party's right to judgment is clear and free from doubt." *Id.* We review the circuit court's decision to grant a motion for summary judgment *de novo*, meaning that we perform the same analysis a trial judge would perform. *Carrasco*, 2018 IL App (1st) 172535, ¶ 13.

¶ 33                                *Ortega Affidavit*

¶ 34    The Ortega affidavit was submitted in support of the bank's requested relief. In her combined response to the summary judgment motion and motion to strike the Ortega affidavit, Gajda argued that Ortega did not attach a copy of the acceleration letter to his affidavit. Gajda maintained that Ortega was unable to testify that the full loan amount was due without reviewing the acceleration letter. Although it does not appear that there was an express ruling on the motion to strike, the circuit court granted the motion for summary judgment. On appeal, Gajda argues that the Ortega affidavit should have been stricken for noncompliance with Illinois Supreme Court Rules 191 and 113. As discussed below, we reject this contention.

¶ 35    The form of an affidavit submitted in connection with a motion for summary judgment is governed by Illinois Supreme Court Rule 191. *US Bank, National Ass'n v. Avdic*, 2014 IL App (1st) 121759, ¶ 21. Rule 191(a) generally provides that affidavits in support of a motion for summary judgment "shall be made on the personal knowledge of the affiants; shall set forth with particularity the facts upon which the claim, counterclaim, or defense is based; shall have attached thereto sworn or certified copies of all documents upon which the affiant relies; shall not consist of conclusions but of facts admissible in evidence; and shall affirmatively show that the affiant, if sworn as a witness, can testify competently thereto." Ill. S. Ct. R. 191(a) (eff. Jan. 4, 2013). " 'An affidavit satisfies the requirements of Rule 191(a) if from the document as a whole it appears that the affidavit is based on the personal knowledge of the affiant and there is a

reasonable inference that the affiant could competently testify to its contents. *U.S. Bank National Ass'n v. Gagua*, 2020 IL App (1st) 190454, ¶ 76 (quoting *Madden v. F.H. Paschen/S.N. Nielson, Inc.*, 395 Ill. App. 3d 362, 386 (2009)). As an affidavit submitted in the summary judgment context serves as a substitute for trial testimony, strict compliance with Rule 191(a) is required to ensure that the circuit court is presented with valid evidentiary facts on which to base its ruling. *Robidoux v. Oliphant*, 201 Ill. 2d 324, 335-36 (2002).

¶ 36    The "Affidavit of Amounts Due and Owing" executed by Ortega contained sufficient detail to satisfy the requirements of Rule 191. Among other things, the affidavit described Ortega's familiarity with the records—which were generated in the ordinary course of business—and provided information regarding the computer system used to memorialize and track mortgage payments and transactions regarding the loan. The various documents on which Ortega relied to calculate the outstanding balance were appended to the affidavit. See *Doe by Doe v. Coe*, 2017 IL App (2d) 160875, ¶ 18 (referring to the "attached-papers requirement" as "rigid"). Furthermore, there is no indication that Ortega would be unable to competently testify as to the facts contained in his affidavit. *Cf. Steiner Elec. Co. v. NuLine Technologies, Inc.*, 364 Ill. App. 3d 876, 881-82 (2006) (affirming the circuit court's striking of an affidavit under Rule 191 where the affidavit "contained mere legal conclusions and opinions" and the affiant's deposition testimony demonstrated her "utter lack of knowledge" regarding her company's claim, despite her position as an accounts payable manager); *Cole Taylor Bank v. Corrigan*, 230 Ill. App. 3d 122, 129 (1992) (noting that the affidavit did not demonstrate the affiant's familiarity with the bank's bookkeeping records).

¶ 37    We also find that Ortega's affidavit satisfied the requirements of Illinois Supreme Court Rule 113, which addresses practice and procedure in mortgage foreclosure cases. Ill. S. Ct.

R. 113 (eff. Oct. 1, 2021). Rule 113(c)(1) provides, in part, that all plaintiffs seeking a judgment of foreclosure under section 15-1506 of the Mortgage Foreclosure Law "shall be required to submit an affidavit in support of the amounts due and owing under the note" when they file any motion requesting a judgment of foreclosure. Ill. S. Ct. R. 113(c)(1) (eff. Oct. 1, 2021). The affidavit must "be prepared by utilizing, or substantially adopting the appearance and content of, the form provided in the Article II Forms Appendix." Ill. S. Ct. R. 113(c)(4) (eff. Oct. 1, 2021).

¶ 38    Based on our review, the Ortega affidavit was substantially similar to the form affidavit and otherwise complied with the requirements of the rule regarding the content of the affidavit. Among other things, Ortega explained how he was familiar with the servicer's business and mode of operation (Ill. S. Ct. R. 113(c)(2)(i) (eff. Oct. 1, 2021)); he identified the books, records and other documents which he reviewed or relied upon in drafting the affidavit and attached the payment history (Ill. S. Ct. R. 113(c)(2)(ii) (eff. Oct. 1, 2021)); and he identified the computer program used to record and track mortgage payments (Ill. S. Ct. R. 113(c)(2)(iii) (eff. Oct. 1, 2021)). We thus reject Gajda's argument that the affidavit "fails to demonstrate personal knowledge, fails to attach required documentation, and offers only vague references to general procedures." *E.g.*, *Gagua*, 2020 IL App (1st) 190454, ¶ 82 (rejecting arguments regarding the lender's alleged noncompliance with Rule 113).

¶ 39    We also reject Gajda's contention that the failure to include information in the affidavit regarding the acceleration notice or section 22 of the mortgage evidenced Ortega's noncompliance with Rule 113(c)(3), which provides that the prove-up affidavit "shall contain any additional evidence, as may be necessary, in connection with the party's right to enforce the indebtedness." Ill. S. Ct. R. 113(c)(3) (eff. Oct. 1, 2021). As the bank accurately observes, "Gajda offers no authority for the proposition that an affiant would have to conduct his or her

own legal evaluation as to the sufficiency of a contractually required notice in order to attest to the calculation of the amounts due on the subject loan." In the absence of any support for Gajda's assertion that Ortega's failure to review or attach the acceleration notice rendered his affidavit insufficient, we decline to find as such. See *Obert v. Saville*, 253 Ill. App. 3d 677, 682 (1993) (observing that the court is "not a repository into which an appellant may foist the burden of argument and research").

¶ 40                          *Gajda's Response and the Bank's Reply*

¶ 41      As the party defending against summary judgment, Gajda was "not entitled to rely on the allegations of her pleading to raise a genuine issue of material fact," but was required to "affirmatively controvert" the evidence adduced by the bank, as the movant. *Bukowski*, 2015 IL App (1st) 140780, ¶ 19. "While a nonmoving party need not prove his or her claim at the summary judgment stage, it is the 'put up or shut up' moment in a suit, and the nonmoving party must present some factual basis to support his or her claim." *Wells Fargo Bank, N.A. v. Coghlan*, 2021 IL App (3d) 190701, ¶ 23. As discussed below, Gajda's affidavit in support of her response to the summary judgment motion did not produce actual evidentiary facts to controvert the bank's position regarding the validity, amount, and enforceability of the debt.

¶ 42      The bank has consistently maintained that all required notices under the mortgage were sent to Gajda, including the acceleration notice. Section 15 of the mortgage provides, in part, that "[a]ny notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail." This provision reflects the "mailbox rule," whereby properly addressed letters sent by regular mail carry a presumption of delivery when deposited in the mail with postage prepaid. *Roongseang*, 2019 IL App (1st) 180948, ¶ 30. "This rule was developed to prohibit a party from undermining the reliability of

13

giving notice by mail by asserting a mere denial of receipt." *Id.*

¶ 43     In her affidavit, Gajda did not even assert a "mere denial of receipt." Rather, she averred that she resided at the property for over 15 years, she regularly checked her mail, and she had "no records or copies in my records of letters from the servicing company alleging default and intent to accelerate." As the bank points out, "[n]otably absent from her affidavit is any attestation which indicates that the notice was not sent, or even that it was not received." The Gajda affidavit thus lacks relevance, as it does not tend to make the existence of the key fact— the bank's mailing of the acceleration notice—more or less probable. See *Baird v. Adeli*, 214 Ill. App. 3d 47, 68 (1991). See also *Carrasco*, 2018 IL App (1st) 172535, ¶ 14 (noting that mere conjecture, speculation, or guess is not sufficient to withstand summary judgment).

¶ 44     Citing *Credit Union 1 v. Carrasco*, Gajda contends that "there is absolutely no evidence that the [bank] gave the notice required by paragraph 22 of the mortgage." *Carrasco*, 2018 IL App (1st) 172535. We reject this contention. In *Carrasco*, after the borrower claimed in her response to the lender's motion for summary judgment that she never received the acceleration notice, the lender's reply did not include any affidavit or pertinent documentation. *Id.* ¶ 18. Given that proof of the mailing of the acceleration notice was "completely absent," the appellate court in *Carrasco* reversed the grant of summary judgment in favor of the lender. *Id.* ¶¶ 18, 24.

¶ 45     Unlike in *Carrasco*, the affidavit of another document verification specialist for the servicer, Winston Johnson, was appended to the bank's reply to Gajda's response to the summary judgment motion. The affidavit provided details regarding the mailing of the acceleration notice. The exhibits to the Johnson affidavit included a copy of the notice which was saved in the servicer's computerized records and a letter log which reflected that the notice was mailed to Gajda at the property on May 20, 2020. Based on our review, the form and

contents of the acceleration letter appear to comply with the requirements in section 22 of the mortgage. *Cf. Cathay Bank v. Acccetturo*, 2016 IL App (1st) 152783, ¶ 50 (holding that the bank's failure, prior to acceleration, to provide the lender with a notice containing the specific information required by the mortgage divested the lender of its right to file the foreclosure action); *Associates Asset Management, LLC v. Cruz*, 2019 IL App (1st) 182678, ¶ 43 (same).

¶ 46     While Gajda maintains that the inclusion of the Johnson affidavit in the bank's reply—as opposed to the original summary judgment motion—was an improper "procedural tactic," she cites no authority for this proposition. See, *e.g.*, Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) (requiring an appellant's arguments to include "citation of the authorities and the pages of the record relied on"). We further note that the record does not suggest that Gajda requested an opportunity to respond to the Johnson affidavit or sought reconsideration of the order granting summary judgment.

¶ 47     Based on the foregoing, we find that there was no genuine issue of material fact as to whether the bank provided the required notice to Gajda under the mortgage. We thus conclude that the bank was entitled to a judgment as a matter of law. 735 ILCS 5/2-1005(c) (West 2022).

¶ 48                                    CONCLUSION

¶ 49     The judgment of the circuit court of Cook County is affirmed in its entirety.

¶ 50     Affirmed.