**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2026 IL App (3d) 250310-U

Order filed June 24, 2026

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2026

| | | |
|---|---|---|
| VILLAGE OF DOWNERS GROVE, a Municipal Corporation, | ) ) ) | Appeal from the Circuit Court of the 18th Judicial Circuit, Du Page County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-25-0310 Circuit No. 24-MR-539 |
| | ) | |
| JENNIFER BECKHAM, LAKEVIEW LOAN SERVICING, LLC, ILLINOIS DEPARTMENT OF REVENUE, DOWNERS GROVE SANITARY DISTRICT, UNKNOWN OWNERS and NON-RECORD CLAIMANTS, | ) ) ) ) ) ) | Honorable Anne Therieau Hayes, Judge, Presiding. |
| Defendants | ) ) | |
| (Lakeview Loan Servicing, LLC, Defendant-Appellant). | ) ) | |

_____

JUSTICE BERTANI delivered the judgment of the court.
Presiding Justice Hettel and Justice Brennan concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*:  The plain language of the Illinois Municipal Code does not require a municipality to prove interested parties received notice following a declaration of abandonment as a precondition to receiving judicial deed.

¶ 2    This appeal concerns notice requirements for a municipality to obtain a judicial deed following a declaration of abandonment pursuant to the Illinois Municipal Code (Code). 65 ILCS 5/1-1-1 *et seq.* (West 2024). Defendant, Lakeview Loan Servicing, LLC (Lakeview), appeals the circuit court's granting of plaintiff, Village of Downers Grove's (Village), amended petition for issuance of a judicial deed pursuant to section 11-31-1(d) of the Code. *Id.* § 11-31-1(d). It argues the Code requires that a municipality prove actual delivery of notice to all parties with a record interest in the property once a property is declared abandoned. The Village responds that the Code does not require proof of actual delivery of notice and that it complied with the dictates of section 11-31-1(d) by sending notices through certified mail. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4    On August 24, 2024, plaintiff filed a petition for equitable relief concerning property located at 6610 Dunham Road in Downers Grove, Illinois, which alleged that the property had been in disrepair since January 2022 and was unfit for occupancy. Count I requested the demolition of the property pursuant to 65 ILCS 5/11-31-1(a) (West 2024) alleging the property occupying the lot was dangerous and unsafe. Count II sought a declaration of abandonment pursuant to the Code (*id.* § 11-31-1(d)) and requested an issuance of a judicial deed to the property. The petition indicated notices were sent via mail to all named defendants earlier that month, advising them that the property would be demolished or a court action would commence.

¶ 5    The owner of record, Jennifer Beckham, ultimately executed a waiver of rights pursuant to the Code (*id.*) and waived her rights to challenge the declaration of abandonment. The court dismissed Beckham from the proceedings with prejudice.

¶ 6        The Village subsequently filed a motion for declaration of abandonment and to consolidate the matter with a foreclosure action filed by Lakeview. On January 8, 2025, the court declared the property abandoned. The Village later withdrew its motion to consolidate.

¶ 7        The Village petitioned for the issuance of a judicial deed in February 2025. It attached thereto copies of five notice letters sent by certified mail to Beckham, Lakeview, and other interested parties. The notices disclosed that the subject property had been declared abandoned and stated that title to the property would be transferred to the Village within 30 days of the notice unless contrary action was taken by the owner of record or other interested parties. Lakeview responded that the Village's petition must be denied because it was not supported by sufficient proof of notice to all interested parties. It noted the letters purporting to provide notice were not authenticated in any way. The Village replied that Lakeview did not contest its receipt of notice and that the notice standards Lakeview cited were not those required by the Code in order to obtain a judicial deed.

¶ 8        On April 22, 2025, the court denied the Village's petition without prejudice and granted leave to file an amended petition. The Village's amended petition for judicial deed asserted its attorney, Brandan Rissman, provided notice in conformity with the Code and attached his affidavit which stated that he mailed the notices via certified mail on January 9, 2025. Lakeview responded that the amended petition did not demonstrate proof of delivery and that the petition must be denied because the Village did not establish actual notice.

¶ 9        On May 13, 2025, the circuit court granted the Village's amended petition. Its written order provided that the amended petition was granted for reasons stated on the record. A report of proceedings was not included in the record on appeal.

¶ 10        Lakeview timely appealed.

¶ 11                                    II. ANALYSIS

¶ 12        Lakeview contends the judgment issuing the judicial deed should be vacated because the Village failed to prove notice to interested parties as required by the Code. The Village argues that the Code does not require proof of delivery of the notice concerning the issuance of a judicial deed.

¶ 13        Lakeview's appeal requires the construction of the Illinois Municipal Code. The construction of a statute is a question of law subject to *de novo* review. *DeLuna v. Burciaga*, 223 Ill. 2d 49, 59 (2006). In construing the statute, our primary objective is to ascertain and give effect to legislative intent. *Id.* The best indication of legislative intent is the statute's language, to which we ascribe its plain and ordinary meaning. *In re E.B.*, 231 Ill. 2d 459, 466 (2008). Construction requires that we view the statute in its entirety with its words and phrases considered "in light of other relevant provisions of the statute." *Id.* When statutory language is clear and unambiguous, we apply the language as written, without resorting to extrinsic aids of construction. *Blum v. Koster*, 235 Ill. 2d 21, 29 (2009). "A court may not add provisions that are not found in a statute, nor may it depart from a statute's plain language by reading into the law exceptions, limitations, or conditions that the legislature did not express." *Schultz v. Illinois Farmers Insurance Co.*, 237 Ill. 2d 391, 408 (2010).

¶ 14        The statutory provision at issue, section 11-31-1(d) of the Code, describes a multistep process a municipality must undertake to obtain title to an abandoned property. 65 ILCS 5/11-31-1(d) (West 2024). Initially, a municipality may petition the court for a declaration of abandonment. *Id.* The substantive requirements for a determination of abandonment are not at issue in this appeal.

¶ 15        Once a declaration of abandonment is issued by the court, the municipality is required to provide notice to those with an interest of record in the property. See *id.* Lakeview's appeal focuses

4

on the Village's alleged failure to comply with the notice required by the Code. In relevant part, the Code states the notice following a declaration of abandonment

> "*shall be sent in person or by certified or registered mail* to all persons having an interest of record in the property *** stating that title to the property will be transferred to the municipality unless, within 30 days of the notice, the owner of record or any other person having an interest in the property files with the court a request to demolish any or all dangerous or unsafe buildings or to put the building in safe condition, or unless the owner of record enters an appearance and proves that the owner does not intend to abandon the property." (Emphasis added.) *Id.*

Absent such action by an interested party, "the municipality may petition the court to issue a judicial deed for the property to the municipality." *Id.*

¶ 16    Lakeview relies on two appellate decisions in support of its position that actual receipt of notice is required by the Code; however, neither is applicable to the issue before us. *Deutsche Bank National Trust Co. as Trust for First Franklin Mortgage Loan Trust 2005-FF8 v. Roongseang*, a mortgage foreclosure action, is distinguishable in that the mortgage document itself required actual receipt of an acceleration notice prior to filing a foreclosure. 2019 IL App (1st) 180948, ¶ 6. It provided that the lender "must give" the borrowers " 'notice and opportunity to take corrective action' " and identified two methods by which notice could be effectuated: " 'when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means.' " *Id.* The lender argued it satisfied the mortgage's notice requirement by sending an acceleration notice by certified mail. *Id.* ¶ 10. The borrowers maintained that the lender had not provided "any" notice. *Id.* ¶ 8.

5

¶ 17    The appellate court reversed the grant of summary judgment and judgment of foreclosure, holding questions of fact remained concerning satisfaction of the mortgage's notice requirements. *Id.* ¶ 37. It drew a distinction between satisfying the first option of sending the notice through first class mail, which reflected a presumption of delivery under the "mailbox rule," and the second option of sending the notice by "other means," which required actual delivery to the borrower's notice address. *Id.* ¶¶ 28, 30. It reasoned that certified mail was by "other means," no presumption of delivery attached, and a return receipt or other evidence of actual delivery was required by the mortgage's terms. *Id.* ¶ 35.

¶ 18    Lakeview also relies on *Jamison v. Montero*, 2021 IL App (1st) 201304-U, ¶ 2, a non-precedential Illinois Supreme Court Rule 23 order which addressed proper notice under the Attorneys Lien Act. The Attorneys Lien Act requires an attorney seeking to enforce a lien to "serve notice in writing, which service may be made by registered or certified mail." 770 ILCS 5/1 (West 2018). The *Jamison* court held that an attorney must " 'perfect the lien by serving notice, in writing, upon the party against whom the client has the claim' " in order to comply with the Attorneys Lien Act. *Id.* ¶ 22 (quoting *People v. Philip Morris, Inc.*, 198 Ill. 2d 87, 95 (2001)). It was undisputed that service was not perfected by certified or registered mail given that the certified letter was returned as unclaimed. *Id.* ¶ 23. However, the lien claimant asserted that it also sent notice of the lien by regular mail and that communications from the opposing party's insurer confirmed the opposing party had received "actual[ ]" notice. *Id.* ¶ 24. The appellate court recognized that the districts were divided on whether service of a lien notice must strictly conform to the service requirements under the Attorneys Lien Act, or alternatively, whether proof of actual notice suffices. *Id.* ¶ 25. Without opining on the split, the court held that even if actual notice was sufficient, the record was such that "it would not have been against the manifest *** weight of the

evidence for the circuit court to have concluded" that counsel failed to demonstrate actual notice. *Id.* ¶¶ 26-27.

¶ 19     The language outlining the notice requirements of section 11-31-1(d) is clear and unambiguous. Unlike the notice terms from the mortgage in *Roonseang* or the language set forth in the Attorneys Lien Act, section 11-31-1(d) of the Code does not condition the notice's effectiveness on actual delivery or receipt. Its plain language requires that upon the court's declaration of abandonment, that notice be *sent* to those with a recorded interest by certified or registered mail. 65 ILCS 5/11-31-1(d) (West 2024). The obligation placed upon the municipality is to send the notice in the requisite manner; section 11-31-1(d) does not demand proof of receipt at the judicial deed stage of the proceedings. See *id.*

¶ 20     This interpretation is bolstered by the fact that different notice requirements are addressed within subsection 11-31-1(d) and elsewhere in section 11. "When the legislature includes particular language in one section of a statute but omits it in another section of the same statute, courts presume that the legislature acted intentionally and purposely in the inclusion or exclusion [citations], and that the legislature intended different meanings and results [citations]." *Chicago Teachers Union, Local No. 1 v. Board of Education of City of Chicago*, 2012 IL 112566, ¶ 24. Section 11-31-1(d), for instance, requires that those with a record interest in the property "shall be served with process" upon the municipality's petition for declaration of abandonment. 65 ILCS 5/11-31-1(d) (West 2024). The ensuing subsection that permits a municipality to expedite the removal of hazardous buildings provides that a municipality shall "[c]ause to be sent" a "Notice to Remediate" by "certified mail, return receipt requested." *Id.* § 11-31-1(e)(1). We presume that the language merely requiring a municipality to send notices when seeking a judicial deed following a declaration of abandonment was intentional. A contrary determination would require

7

that we read a condition into the statute that was not expressed by the legislature. *Schultz*, 237 Ill. 2d at 407-08; *City of Danville v. C.A. Collins Enterprises, LLC*, 2023 IL App (5th) 220345, ¶ 33.

¶ 21 While Lakeview challenges the court's ultimate decision to issue the Village a judicial deed, we reject its only appellate argument—that the Code requires the municipality to prove actual notice prior to petitioning for a judicial deed. Notwithstanding waiver issues, we cannot evaluate a challenge to the circuit court's decision beyond the narrow statutory challenge presented on appeal. The record indicates that the circuit court's rationale behind its declaration of abandonment and the issuance of the judicial deed are contained within transcripts that are not included in the record before us. Where we are deprived of a record showing the circuit court's reasoning, we presume it acted in conformity with the law. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391 (1984).

¶ 22 III. CONCLUSION

¶ 23 The judgment of the circuit court of Du Page County is affirmed.

¶ 24 Affirmed.